Stocker and others, Respondents, vs. Dubuque Fire & Marine Insurance Company, Appellant.

*December 5, 1916—January 16, 1917.*

*Fire insurance: Standard policy: Personal property: Incumbrance by "chattel mortgage:" Trust deed construed.*

A so-called trust deed, given to secure a loan, which described and conveyed certain land, "together with all the privileges and appurtenances . . . , including therein any and all buildings, improvements, machinery, tools, implements, and fixtures, whether

attached or unattached to the said real estate, . . . and all machinery and fixtures hereinafter installed, and also any and all tools and implements used by [the grantor] in or about the premises," is *held* to have covered fixtures only which were a part of the realty, and not to have been an incumbrance of personal property "by a chattel mortgage" within the meaning of sec. 1941—46, Stats.

APPEAL from a judgment of the municipal court of Outagamie county: ALBERT M. SPENCER, Judge. *Affirmed.*

Action to recover on two fire insurance policies. The defendant denied liability.

After the evidence was all in the defendant moved for a directed verdict. The following verdict was returned:

"(1) Were the policies in suit issued to the plaintiff by the defendant company and the premiums paid thereon? *A.* (by the court). Yes.

"(2) Was the plaintiff *Jacob J. Stocker* the owner of the property described in the policies of insurance at the time of the fire? *A.* (by the court). Yes.

"(3) Did the fire originate from causes other than those excepted in the policies?

"(b) Did the plaintiff notify the fire marshal of said fire pursuant to section 1496*i*—section 5, on April 22, 1915?

"(c) Did the plaintiff furnish the defendant within sixty days after the fire with proofs of loss under the policies of insurance on or about June 3, 1915? *A.* (by the court). To each of the foregoing questions: Yes.

"(4) Was the real-estate mortgage of $7,500 executed by *J. J. Stocker* and wife to *Frank J. Beau* on February 3, 1915, and recorded on February 5, 1915, duly canceled and satisfied by satisfaction executed February 20, 1915, and recorded March 10, 1915? *A.* (by the court). Yes.

"(5) Did the plaintiff *J. J. Stocker* and wife on the 20th day of February, 1915, execute and deliver the trust deed in evidence to the plaintiff *John J. Beau,* covering all the buildings, improvements, machinery, tools, implements, and fixtures, either attached or unattached to the real estate, insured by the defendant herein? *A.* (by the court). Yes.

"(6) Was the trust deed set forth in question No. 5 in

force and effect at the time of the fire? *A.* (by the court).
Yes.

"(7) Did the defendant give the mortgagees, *John L. Beau* and *Frank J. Beau,* or either of them, notice of the cancellation of the policies? *A.* (by the court by consent of parties). No.

"(8) What was the total amount of insurance, valid or invalid? *A.* (by the court by consent of parties):

"(a) On main building.................. $7,800
"(b) On contents of main building...... 5,500
"(c) On stock ....................... 1,100
"(d) On barn ....................... 400
"(e) On icehouse .................... 200

"(9) How much insurance was written by the defendant on items set forth in question No. 8? *A.* (by the court by consent of parties):

"(a) On main building ................ $1,800
"(b) On contents of main building...... 2,200
"(c) On stock ....................... 400
"(d) On barn ....................... 400
"(e) On icehouse .................... 200

"(10) What was the cash value on April 18, 1915, of each item referred to in question No. 8 excepting main building? *A.* (by the court by consent of parties):

"(a) Contents of main building ex-
      ceeded ................... $5,500 00
"(b) Barn ..................... 400 00
"(c) Icehouse ................. 200 00
"(d) Stock .................... 721 75

"(11) What was the amount of loss and damage of items set forth in question No. 8 excepting main building? *A.* (by the court by consent of parties):

"(a) Loss on contents of main building ex-
      ceeded ...................... $5,500
"(b) Loss on barn ................. 75
"(c) Loss on icehouse.............. 75
"(d) On stock .................... 600

"(12) Was the plaintiff's one and one-half story concrete and frame, vulcanized roof building and additions adjoining and communicating therewith, occupied as a condensed milk, dairy, and product factory, situated in the northwest quar-

ter of the northeast quarter, section 28, township 21, range 15 east, town of Dale, Outagamie county, Wisconsin, wholly destroyed by fire on the night of the 18th or morning of the 19th of April, 1915? *A.* Yes.

"(13) What was the value of the main building at the time of the fire? *A.* $10,000.

"(14) What was the amount of loss and damage to the main building caused by the fire? *A.* $10,000.

"(15) Did the plaintiff, on the 10th day of March, 1915, notify the defendant of the execution, delivery, and recording of the trust deed? *A.* Yes.

"(15½) Did the plaintiff *Jacob J. Stocker* instruct John M. Balliet, the agent of the defendant company, on March 10, 1915, to attach to the policies in suit a loss payable clause, payable to *John L. Beau,* trustee? *A.* Yes.

"(16) Did the plaintiffs notify the defendant, on the 10th day of March, 1915, of the executing and recording of the second mortgage to *Frank J. Beau? A.* Yes.

"(17) Were the defendant's two policies of insurance canceled by mutual consent of *Jacob J. Stocker* and the defendant's agent, John M. Balliet, before the fire? *A.* No."

The court ordered judgment for plaintiff on the verdict. Judgment was entered accordingly, from which this appeal was taken.

For the appellant there was a brief by *Ryan, Cary & Frank,* attorneys, and *Gill & Barry,* of counsel, and oral argument by *A. R. Barry.*

*Francis S. Bradford,* for the respondents.

KERWIN, J. Counsel for appellant in their brief say that the five errors assigned involve the construction of secs. 1941—46 and 1941—62, Stats. The only material question involved upon this appeal and arising under these sections is whether the so-called trust deed placed upon the property was an incumbrance of personal property included in the policy by chattel mortgage within the meaning of sec. 1941—46.

If there was no incumbrance of personal property covered by the policy, then the question of waiver discussed under sec. 1941—62 need not be considered, because it has no bearing on the case. It appears from the record in the instant case that no personal property was included in the trust deed unless certain fixtures described in connection with the description of the land can be said to be personal property.

It seems plain that there was no intention to include anything but real estate in the trust deed, because the policy did cover certain articles of personal property which were not in the trust deed, viz. stock of milk and dairy products on hand or in process of manufacture, cans, chemicals, etc.

The trust deed was given to secure a loan of $15,000 and obviously was intended to cover, and did cover, only real estate. In addition to description of the land by metes and bounds the deed contained the following:

"Together with all the privileges and appurtenances to the same belonging or in any wise thereunto appertaining, including therein any and all buildings, improvements, machinery, tools, implements, and fixtures, whether attached or unattached to the said real estate, and to include any and all additional buildings erected or connected with the said plant or buildings, and all machinery and fixtures hereinafter installed, and also any and all tools and implements used by the said *Jacob J. Stocker* in or about the premises.

"To have and to hold the above described premises, property, and appurtenances unto the said party of the second part and his successors in trust, for the purpose and upon the conditions and subject to the provisions hereinafter set forth."

The portion of the description above quoted and following description of the lands covered, and was intended to cover, fixtures only, which were part of the real estate conveyed. We are convinced that the instrument in question was a trust deed of real estate, not a chattel mortgage. We find no error in the record.

*By the Court.*—The judgment is affirmed.