TOWN OF WABENO, Respondent, vs. STATE CONSERVATION COMMISSION and another, Appellants.

*December 5, 1935—March 3, 1936.*

For the appellants there was a brief by *Goggins, Brazeau & Graves* of Wisconsin Rapids, attorneys for the Connor Lumber & Land Company, the *Attorney General, A. H. Smith,* special assistant attorney general, and *Warren H. Resh,* assistant attorney general, attorneys for the State Conservation Commission, and oral argument by *Mr. R. B. Graves* and *Mr. A. H. Smith.*

For the respondent there was a brief by *Eberlein & Larson* of Shawano, and oral argument by *M. G. Eberlein* and *Edward W. Schenk* of Wabeno.

The following opinion was filed January 7, 1936:

MARTIN, J. The appellant, Connor Lumber & Land Company, a corporation, filed its first petition with the State Con-

servation Commission on November 27, 1929. The lands therein described were the same as those now in question. That petition was denied by the commission on February 15, 1930. A second petition was filed by the said Connor Lumber & Land Company, dated November 28, 1930. The commission entered its order on February 14, 1931, approving said lands as "forest crop lands." Both proceedings were instituted under ch. 77, Stats. 1929. Sec. 77.02, Stats. 1929, relating to such proceedings, provides:

"(1) *Petition.* The owner of any tract of land of not less than forty acres may file with the conservation commission a petition stating that he believes the lands therein described are more useful for growing timber and other forest crops than for any other purpose, that he intends to practice forestry thereon, that all persons holding incumbrances thereon have joined in the petition and requesting that such lands be approved as 'Forest Crop Lands' under this chapter."

Most of the material facts are stipulated. From the stipulated facts, it appears that on October 15, 1926, the Connor Lumber & Land Company executed a mortgage conveying all the land in question, in form of a trust deed to secure a bond issue of $1,500,000, and that there were actually issued and sold, prior to the application to place these lands under the forest crop law, bonds in the amount of $1,250,000. It was further stipulated that the only consent obtained to the petition and to placing the lands in question under the forest crop law was that of the First Wisconsin Trust Company, the trustee named in the trust deed. The respondent contends that the trustee exceeded its authority in giving its approval to the petition of the Connor Lumber & Land Company. If this contention is sustained, the State Conservation Commission would be without jurisdiction, and, although the judgment of the lower court went on other grounds, it would have to be affirmed.

The trust deed in the instant case has only the legal effect of a mortgage. *Schroeder v. Arcade Theater Co.* 175 Wis.

79, 184 N. W. 542. The authority of the trustee in the instant case to give its approval to the petition in question must be found in the trust deed. This court so held in *Connell v. Kaukauna*, 164 Wis. 471, 496, 159 N. W. 927, 160 N. W. 1035. The court said:

"The authority of the trustee to act for the bondholders is prescribed and limited by the terms of the trust deed, and a payment to the trustee merely as trustee cannot be held to be payment to the bondholders, unless made when and as prescribed by the terms of the deed."

The rule is stated thus in 2 Perry, Trusts and Trustees (7th ed.), § 602g:

"The powers of trustees under deeds of trust, and of mortgagees under mortgages with power of sale, depend entirely upon the terms of the deeds. Such powers are created by, and exist in the deeds, and of course they exist in the terms in which they are created, and in no others. They are to be exercised by the trustees *in pais*. They are wholly matters of convention and contract between the parties, and not of law or jurisdiction. They can be exercised because they are conferred by one party upon another, and not because the law or the courts have conferred or authorized them."

It will serve no useful purpose to discuss the powers of the trustee in the instant case. It had only such authority as is specified in the trust deed. The fact that the mortgage runs to the trustee therein named and was delivered to such trustee is of no particular concern. The purpose of the mortgage was to secure the bond issue. The trustee joined in the petition in question without any authorization from those holding the $1,250,000 of the bonds which had been issued and sold up to that time. A careful study of the trust deed in question satisfies us that, without the consent of the bondholders, the trustee had no authority to join in or consent to the petition of the Connor Lumber & Land Company. We consider it rather significant that the legislature has, since the filing of the petition in question, amended sec. 77.02, Stats.,

by ch. 327, Laws of 1933, adding to said section the following:

"Whenever any such land is incumbered by a mortgage or other indenture securing any issue of bonds or notes, the trustee or trustees named in such mortgage or indenture or any amendment thereto may join in such petition, and such action shall for the purpose of this section be deemed the action of all holders of such bonds or notes."

This amendment can have no retroactive effect, and our conclusion is that the State Conservation Commission of Wisconsin was without jurisdiction to make the order of February 14, 1931.. Therefore, the judgment of the circuit court setting aside such order must be affirmed.

*By the Court.*—Judgment affirmed, with costs against the Connor Lumber & Land Company only.

A motion for a rehearing was denied, with $25 costs, on March 3, 1936.