·CITY OF MENASHA, Respondent, vs. WISCONSIN TRACTION, LIGHT, HEAT & POWER COMPANY, Appellant.

*November 18—December 7, 1915.*

*Public utilities: Taking of plant by municipality: Action to determine necessity: Judgment: Appeal.*

1. In the action, provided for in sec. 1797$m$—80, Stats. 1913, to obtain an adjudication as to the necessity of the taking by a municipality of the existing plant of a public utility, no judgment is provided for or contemplated, and no appeal lies from the verdict of the jury or the finding of the court; nor, if a judgment be in fact entered, can an appeal be taken therefrom.

2. Where there is jurisdiction in the trial court, sec. 2836$a$, Stats. 1915 (ch. 219, Laws 1915), is limited to curing defects in an appeal only in a matter, action, or proceeding in which an appeal is authorized by statute.

APPEAL from a judgment of the circuit court for Winnebago county: BYRON B. PARK, Judge. *Dismissed.*

The city of *Menasha* pursuant to sec. 1797*m*—80, Stats. 1913, brought an action in the circuit court to determine the necessity of taking the public utility plant of the defendant located in the plaintiff city. The jury found that public necessity existed for its taking and the court entered a judgment in accordance with the verdict, from which judgment the defendant appealed.

For the appellant there were briefs by *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *James D. Shaw.*

For the respondent there was a brief by *D. K. Allen,* attorney, and *Silas Bullard* and *John C. Thompson,* of counsel, and oral argument by *Mr. Allen* and *Mr. Thompson.*

VINJE, J. Plaintiff maintains that an appeal does not lie from the judgment or the finding of the jury. Sec. 1797*m*—80, Stats., provides that if a municipality shall, according to law, have determined to acquire an existing plant of a public utility, it shall bring an action in the circuit court praying the court for an adjudication as to the necessity of taking. Summons, complaint, and answer shall be served, and the action shall stand for trial and be tried to a jury unless waived. The language of this section standing alone seems to contemplate an action that shall proceed to judgment. But taken in connection with the next section and the whole scheme of condemnation it seems quite clear that the legislature intended the proceeding in court to stop with the verdict, or, in case of a trial by the court, with its finding. Sec. 1797*m*—81 provides that if the jury shall have found that a necessity exists for the taking of a plant, then the municipality shall give speedy notice of such verdict of a jury to the public utility and to the commission, and the following sections require the commission to proceed to determine the compensation. The statute nowhere mentions a judgment. If one were to be entered the verdict would be merged in the

judgment, and notice of the latter would be required and not of the verdict. Though the statute does not in terms so provide, it is obvious from its scheme that if the question of necessity is tried by the court notice of its finding thereon must be given in the same manner as of a verdict. The entry of a judgment upon the verdict in this case is an irregularity that does not affect the validity of the finding.

An appeal does not lie from a mere verdict of a jury or a finding of fact by the court and so sec. 3047 does not apply. But, irrespective of this, the verdict of the jury is but one step in the condemnation proceeding. There must be a vote on the question by the municipality, a finding of necessity by a jury or the court, and compensation fixed by the commission before the proceeding terminates. As pointed out in *Clancy v. Fire & P. Comm'rs,* 150 Wis. 630, 633, 138 N. W. 109, the absence of any provision for an appeal is quite significant, because in somewhat cognate statutes, there referred to, the legislature has specifically provided for an appeal. The right of appeal being purely statutory; none having been expressly given, and the whole legislative scheme of condemnation apparently negativing the idea that the proceeding should halt at an intermediate step for the purpose of an appeal, it must be held that none was intended. Ch. 219, Laws 1915, to which our attention is called by defendant, does not touch the question. Where there is jurisdiction in the trial court, as there was here, that section is limited to curing defects in an appeal only in a matter, action, or proceeding in which an appeal is authorized by statute. It does not grant an appeal where none is given.

*By the Court.*—Appeal dismissed.