TOWN OF MILTON, Respondent, vs. McGOWAN WATER, LIGHT & POWER COMPANY, Appellant.

*March 15—April 11, 1922.*

*Public utilities: Discontinuance of proceedings to acquire utility: Statutory limitation on· right to discontinue.*

1. Under sec. 1797m—81a, Stats. (created by ch. 393, Laws 1917), authorizing any municipality having "heretofore" determined to acquire an existing waterworks plant to discontinue proceedings to that end, and sub. (22), sec. 4971, defining "heretofore" in a statute as meaning any time previous to the day when the statute shall take effect, a municipality is not authorized to discontinue proceedings before the railroad commission for the acquisition of a waterworks system where such proceedings were instituted by it after the act of 1917 took effect.

2. The amendment of sec. 1797m—81a, Stats., by ch. 658, Laws 1919, by the addition thereto of sub. 3, prohibiting the institution of a second proceeding to acquire a public utility by a municipality within four years after the discontinuance of the last prior proceeding, does not change the effect of the section as originally enacted in 1917, authorizing the discontinuance of such proceedings only if they had been instituted before the taking effect of the act of 1917.

3. Though the proceeding to acquire a waterworks system might, in the absence of any statute showing legislative intent to the contrary, be discontinued at any time before the right of the owners of the utility to compensation has become absolute, sec. 1797m—81a, Stats., has limited the right to discontinue to such proceedings as were begun prior to the enactment of that statute.

APPEAL from an order of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Reversed.*

The appeal is from an order denying the motion of the defendant to dissolve a preliminary injunction restraining the defendant from prosecuting a certain proceeding pending before the railroad commission of Wisconsin.

The defendant company is a public utility corporation engaged, under an indeterminate permit, in supplying water to said town of *Milton* and to the inhabitants thereof. On January 20, 1920, the plaintiff voted to purchase the water

plant of the defendant, and thereafter the plaintiff filed with the railroad commission a certificate of said election, with the request that the commission take such proceedings as might be necessary under the statutes to determine the valuation of said property and the amount to be paid by the plaintiff as compensation therefor.   The railroad commission thereupon proceeded to make a survey of the property and to appraise its value.

Prior to the commencement of this action the town officials by resolution resolved to discontinue the proceedings, and the matter was also submitted to a vote of the electors, which vote resulted favorably to such discontinuance. Due notice of the resolution passed by the town officials and of the vote of the electors was served upon the defendant and the railroad commission, with the request that all further proceedings in the matter of acquiring the defendant utility by the plaintiff be discontinued, but, notwithstanding such notice, the defendant gave notice that it would, at a specified time, proceed in the matter to the end that the railroad commission might finally fix the amount to be paid by the plaintiff for such utility.   This action was thereupon begun for the express purpose of enjoining the defendant from taking further proceedings in the matter, and a temporary restraining order to that effect was obtained before a court commissioner, whereupon the defendant moved the court to dissolve such order, and upon a hearing of such motion the court made and entered an order denying the same, whereupon this appeal was taken by the plaintiff.

The cause was submitted for the appellant on the brief of *Gettle & Torge* of Madison, and for the respondent on that of *Jeffris, Mouat, Oestreich, Avery & Wood* of Janesville.

DOERFLER, J.   The only question involved in this case is whether the plaintiff has the power to discontinue the proceedings before the railroad commission.

Ch. 393 of the Laws of 1917 creates sec. 1797$m$—81$a$ of the Statutes, which among other things provides:

"Any municipality having heretofore determined to acquire an existing plant or any part of the equipment of a public utility as provided by sections 1797$m$—1 to 1797$m$—109 of the statutes, may discontinue all proceedings to that end at any time prior to the final determination of compensation by the railroad commission by a resolution to that effect by its common council, commission council, village board or town board, provided that such resolution shall not be of force and effect until thirty days after the passage and publication."

A reading of the section referred to clearly discloses the intention of the legislature to provide for a discontinuance of proceedings for the acquirement of a public utility by a municipality, and that such proceedings for discontinuance are limited to municipalities having prior to the enactment of said section determined to acquire an existing plant, etc.

Sub. (22), sec. 4971, Stats., provides that "Whenever the word 'heretofore' occurs in any statute it shall be construed to mean any time previous to the day when such statute shall take effect." With such legislative definition of the word "heretofore," the meaning of sec. 1797$m$—81$a$ becomes clear, and no claim can successfully be maintained that such statute is involved in any ambiguity. The record does not disclose any attempt on the part of the municipality, prior to the time said sec. 1797$m$—81$a$ became operative, to acquire this utility, and we must therefore assume that no such prior attempt had been made.

In the year 1919, by ch. 658, the legislature amended sec. 1797$m$—81$a$ by adding thereto sub. 3, which reads as follows:

"Upon the discontinuance of proceedings by the municipality no subsequent proceedings shall be instituted until at least four years shall have elapsed from the date of the discontinuance of the last prior proceeding."

The title to said ch. 658 of the Laws of 1919 is as follows: "An act to create subsection 3 of section 1797$m$—81$a$

and to amend section $1797t$—12 of the statutes, relating to fixing the interval between successive proceedings for municipal acquisition."

While it is true that, in the absence of any statutory provision showing a legislative intent to the contrary, a proceeding like this may be discontinued at any time before the right of the owners of the utility to compensation or damages has become absolute (20 Corp. Jur. 1077), the legislature, by the enactment of sec. $1797m$—81$a$, Stats., has definitely expressed an intent and has limited the right of the municipality to discontinue proceedings begun to acquire a public utility where the municipality has, prior to the enactment of the statute, determined to acquire the utility; and sub. 3 of the statute must be construed in the light of the provisions of the balance of the statute. It can reasonably be assumed that prior to the enactment of the statute in question there existed municipalities which had made one or more attempts to acquire a public utility and where the proceedings have either been discontinued prior to 1917 or thereafter; so that in the enactment of sub. 3 it becomes clear that it was the legislative intent to prohibit subsequent efforts to acquire a utility until the requisite statutory period shall have elapsed.

There is sound reason both for limiting the power of discontinuance and the institution of new proceedings for the acquirement of a utility. It is a matter of common knowledge that the acquiring of a utility by a municipality is connected with the expenditure of a great amount of labor and money, in procuring the proper survey, the appraisal, the hearings before the commission, and other proceedings incident thereto. Therefore we conclude that under the showing made in the instant case the proceedings cannot be discontinued.

The order of the circuit court must therefore be reversed, with directions to dissolve the preliminary injunction.

*By the Court.*—It is so ordered.