IN RE CONDEMNATION OF LANDS: BAERWOLF and wife, Appellants, vs. WISCONSIN RIVER POWER COMPANY and another, Respondents.

*January 8—February 5, 1929.*

For the appellants there was a brief by *Grady, Farnsworth & Walker* of Portage, and oral argument by *W. H. Farnsworth.*

For the respondents there was a brief by *Schubring, Ryan, Clarke & Petersen* of Madison, and oral argument by *William Ryan.*

CROWNHART, J.  This case presents substantially the same questions presented in *Application of Gehrke,* 176 Wis. 452, 186 N. W. 1020.  The main question is whether the evidence produced before the county judge was of such probative force as to warrant this court in reversing his finding of fact.  The finding by the county judge is: "I do not find, from the evidence, that it can be reasonably held there has

been such taking," referring to a taking of the lands involved.

The appellants' petition alleged facts bringing them within sec. 32.15 of the Statutes, giving the owners of land a right to condemn pursuant to ch. 32 of the Statutes, when a person having the right to condemn takes possession of lands without condemnation. By sec. 32.04 it is provided:

"If any owner of property desires to institute condemnation proceedings, he shall present his verified petition therefor to the county or circuit judge of the county where the land is situated. Such petition shall describe the land, state the board, commission or corporation against which the condemnation proceedings are instituted, and use to which it has been put or is designed to have been put by the board, commission or corporation against which the proceedings are instituted."

Manifestly, the petitioner must make proof of the facts alleged before the county court is required to proceed. The county court then had to find as a fact in this case that the respondents had taken possession of the petitioners' land. The county court found the evidence insufficient to determine such to be the fact. Until there was such a taking the petitioners were not entitled to institute condemnation proceedings. That is the effect of the decision in *Application of Gehrke, supra.*

It will serve no useful purpose to review the large amount of evidence in the proceeding. The burden was upon the petitioners to establish a taking of the lands by the respondents, by reason of the raising cf the dam in 1919. As in the *Gehrke Case, supra,* we are unable to say, with any degree of certainty, that there was such a taking; hence the decision of the court must stand.

*By the Court.*—The order and judgment of the county court are affirmed.