Manns and another, Respondents, vs. Marinette &
Menominee Paper Company and another, Appellants.

*February 11—March 10, 1931.*
*September 19—October 13, 1931.*

For the appellants there were briefs by *Adolph P. Lehner* of Oconto Falls, attorney for the Union Falls Power Company, *Lehner & Lehner* of Oconto Falls, attorneys for the Marinette & Menominee Paper Company, and *James F. Hamill* of New York city of counsel, and oral argument by *Adolph P. Lehner* of Oconto Falls and *Philip Lehner* of Princeton.

For the respondents the cause was submitted on briefs of *L. M. Nelson* of Marinette.

A brief was also filed by *Schubring, Ryan, Clarke & Petersen* of Madison as *amici curiæ*.

The following opinion was filed March 10, 1931:

FAIRCHILD, J. Where no statute authorizes an appeal to this court there can be no appeal. *Puffer v. Welch,* 141 Wis. 304, 124 N. W. 406; *Wildes v. Franke,* 157 Wis. 189, 146 N. W. 1119. The purpose of this rule of practice is to serve public interest in a speedy end to litigation. Ap-

peals from orders not affecting substantial rights usually accomplish only delays. In condemnation proceedings the only appeal referred to in any of the sections in ch. 32 is in sec. 32.11,—"any party to a condemnation proceeding . . . may appeal from the award of the commissioners to the circuit court of the county. . . ." And it is further provided that the appeal shall be treated as an action pending in the court with the owners of the property as plaintiffs and the party by whom the property is taken as defendant. The proceedings thereafter are those of an action in said court subject to all the provisions of law relating to actions originally brought therein. This means that there is a trial *de novo* before the court and jury and any and all issues that can be properly framed or asserted may be examined and decisions made thereon. And this court does not have jurisdiction to entertain an appeal from this order under sec. 274.33, Stats. As was said in *In re Minnesota & Wisconsin R. Co.* 103 Wis. 191, 79 N. W. 753: "Such jurisdiction cannot exist under any of the subdivisions of sec. 3069, Statutes of 1898 (now sec. 274.33),—not under sub. (1), because it does not in effect determine the action, nor prevent a judgment from which an appeal can be taken; nor under sub. (2), for the reason that it is not a final order." The other provisions of sec. 274.33 have no application.

*By the Court.*—The appeal is dismissed.

The following opinion was filed October 13, 1931 :

PER CURIAM (*on reargument*). The briefs presented upon motion for rehearing urged that the decision in this case was contrary to *Wis. Cent. R. Co. v. Cornell University,* 49 Wis. 162, 5 N. W. 331; *Wis. Cent. R. Co. v. Cornell University,* 52 Wis. 537, 8 N. W. 491; *Milwaukee & N. R. Co. v. Strange,* 63 Wis. 178, 23 N. W. 432; *Gill v. Milwaukee & L. W. R. Co.* 76 Wis. 293, 45 N. W. 23; *State ex rel. Chicago & N. W. R. Co. v. Oshkosh, A. & B. W. R. Co.*

100 Wis. 538, 77 N. W. 193. Believing that the question of the appealability of the order here involved should receive further consideration, a rehearing was granted. The question upon which the reargument was desired was apparently not appreciated, as the briefs upon rehearing are not addressed to the question of the appealability of the order.

The cases above cited did hold that under the statutes there involved, orders similar to the one here in question were appealable. However, all of those cases involved condemnation proceedings brought by railroads. Prior to the enactment of ch. 32 of the present Revised Statutes, provisions relating to condemnation proceedings were scattered all through the statutes and were far from uniform. The revisor's note to sec. 32.01, to be found in Wisconsin Annotations of 1930, indicates the heterogeneous character of our law relating to the exercise of eminent domain prior to the enactment of ch. 32. The present revisor of statutes informs us that ch. 32 created twenty sections, repealed sixty-eight sections, and eliminated condemnation proceedings from twenty-two sections. Ch. 32 is a uniform law providing a method for exercising the power of eminent domain under which all who are given that power must act. The construction placed upon specific provisions prior to the enactment of ch. 32 is not at all controlling in the construction of ch. 32 unless a similarity is to be found between the provisions of ch. 32 and the statutes involved in the prior decisions of this court.

As already stated, the cases relied upon involved condemnation for railroad purposes. The procedure to be followed by the railroads in the exercise of the right of eminent domain, as it has always existed, is revealed in the main by a reference to secs. 1845 to 1857, inclusive, of the Statutes of 1917. Sec. 1846 required the petition to be presented to the circuit court, or the judge thereof, and further provided that the filing of such petition shall be the commencement of a

suit in said court. Similar provision is to be found in some but not all other statutes providing for the exercise of the power of eminent domain by those to whom the power was granted by the legislature. Where the petition is made to the circuit court, and where the filing is declared to be the commencement of a suit in said court, it is apparent that the filing of said petition is the institution of judicial proceedings, and that whatever is done upon or with reference to such petition constitutes at least a special proceeding in said court, certain orders made in which were declared appealable by the statute. Ch. 32, being a composite of all the condemnation laws existing prior to its enactment, contains no such provision as is to be found in said sec. 1846.

Sec. 32.04 provides that the petition shall be presented to the county or circuit judge of the county where such property is situated. The appellants in their original brief argued that the petition in this case was a nullity, because it was addressed to the county court, because the notice of hearing was made by the county court, and because the commissioners were appointed by the county court. It was argued with much assurance that under this statute the appointment of commissioners was a ministerial and not a judicial act, and the appointment of the commissioners by the county court was entirely without warrant or authority.

That the county judge in the appointment of such commissioners is acting merely as a ministerial officer, we are frank to say, was a contention with which we were much impressed; but it plainly appeared that by making this contention the appellants argued themselves out of court. If the act of the county judge in appointing commissioners was a ministerial act, then it is difficult to see how the circuit court acquired any jurisdiction or authority to interfere with this ministerial act by the mere making of a motion in the circuit court. Furthermore, if it was a judicial act of the county court, it is difficult to see how the circuit court ac-

quired any jurisdiction in that manner to set aside the act of the county court. The statute does not seem to contemplate that in the consideration of such petition and in the appointment of such commissioners the county judge is acting as a judge of the circuit court, so that his act would be subject to review by the circuit court under the provisions of sec. 252.15.

Other provisions of ch. 32 negative the idea that the filing of the petition, especially with the county judge, is the institution of an action or other proceeding in the circuit court. For instance, sec. 32.07 specifically provides that "if the application be by a municipal corporation, the filing of the petition under sec. 32.04 shall be deemed the commencement of an action for the determination of the necessity of the taking," to be followed by the proceedings therein prescribed. This negatives the idea expressly declared in sec. 1846 of the Statutes of 1917 that "the filing of such petition shall be the commencement of a suit in said court." It is further negatived by the provisions of sec. 32.11 providing for an appeal from the award of the commissioners to the circuit court of the county, and that the clerk shall thereupon enter the appeal as an action pending in said court. It was expressly held in *Skalicky v. Friendship Electric L. & P. Co.* 193 Wis. 395, 214 N. W. 388, that upon such appeal the trial was *de novo* on all issues which can be properly framed on the entire record as it then stands.

What has been said is sufficient to indicate the difficulties to be overcome in order to hold that under ch. 32 condemnation proceedings become judicial proceedings of any kind prior to the appeal from the award of the commissioners. There is certainly greater difficulty in holding that proceedings instituted before the county judge become proceedings pending in the circuit court so as to give that court any superintending control over the acts of the county judge.

While the legislature by sec. 5 of ch. 262 of the Laws of 1929 added at the end of sec. 32.04 the words, "The petition and all subsequent papers in the proceeding shall be filed in the office of the clerk of the circuit court," and the revisor's note states that the purpose of the amendment was "to make it clear that the petition is the inception of a circuit court proceeding, and that all the papers are to be filed in the same office," the notation ascribes doubtful potency to the amendment. A provision that the papers shall be filed in the office of the clerk of the circuit court falls far short, we think, of constituting the proceeding before the county judge one in the circuit court.

We do not now deem it necessary to definitely hold that these proceedings are purely ministerial. We think it proper, however, to point out the difficulties of such a holding under the statutes as they presently exist. It may be desirable that the circuit court have a power of superintending control over such proceedings whether instituted before the circuit or the county judge, and, if so, the legislature can make such provision. For the purposes of this case it is sufficient to say that whether these proceedings were judicial or not, whether the circuit court had superintending control over the act of the county judge or not, the order entered did not determine the action, nor prevent a judgment from which an appeal might be taken. The appellants could have appealed from the award of the commissioners, in which proceeding all of their rights would have been determined, under the doctrine of *Skalicky v. Friendship E. L. & P. Co.* 193 Wis. 395, 214 N. W. 388. Under such circumstances the order was not appealable, even though made in special proceedings. It was not a final order. Sec. 274.33, Stats. The former mandate of the court is therefore confirmed.