Tobin and others, Respondents, vs. Willow River Power Company, Appellant.

*April 8—May 10, 1932.*

*Spencer Haven* of Hudson, for the appellant.

*W. T. Doar* of New Richmond, for the respondents.

ROSENBERRY, C. J.   That the petition was not demurrable has been held in *Manns v. Marinette & M. P. Co.* 205 Wis. 349, 235 N. W. 426, 238 N. W. 624.   See, also, *Price v. Marinette & M. P. Co.* 197 Wis. 25, 221 N. W. 381; *Baerwolf v. Wisconsin River P. Co.* 198 Wis. 112, 223 N. W. 571.

While the proceeding under ch. 32, Stats., is before the judge, it is not a proceeding in court.   The taking of private property for public purpose is a matter that rests within the power and discretion of the legislature and it may be taken upon such terms as the legislature prescribes, subject to the right of trial by jury on the question of necessity where property is taken by a municipal corporation.   Where a person alleges he is deprived of his property without just compensation he is entitled to a judicial determination and that right is given him by way of appeal under sec. 32.11.   When an appeal is taken to the circuit court all issues are subject to a trial *de novo* as indicated in *Skalicky v. Friendship E. L. & P. Co.* 193 Wis. 395, 214 N. W. 388.

*By the Court.*—The motion to dismiss the appeal is granted, with $10 costs.