CITY OF GREEN BAY, Respondent, vs. SAUNDERS and wife, Appellants.

*February 3—March 11, 1941.*

For the appellants there was a brief by *Chadek, Cornelisen & Denissen* of Green Bay, and oral argument by *Charles M. Denissen.*

*Thos. C. Dwyer* of Green Bay, for the respondent.

FRITZ, J. At the outset there arises on this appeal the question as to whether an appeal is authorized from the judgment in question. It was entered at a time when the proposed condemnation had proceeded to but the stage at which the only issue authorized under any statute to be submitted for determination by a jury was the issue as to the necessity of the taking of the property. For the submittal and determination of that issue by a jury a proceeding is prescribed by sec. 32.07, Stats., but there is no provision therein, or elsewhere in the statutes, that authorizes the determination by a jury of any other issue, or the entry of any judgment thereon or an appeal therefrom, at that stage of a condemnation matter. In so far as the entry of a

judgment and an appeal therefrom are concerned, the proceeding authorized by sec. 32.07 (1), Stats., differs materially from the proceeding and the procedure applicable thereto upon the taking of the appeal which is authorized by sec. 32.11, Stats., to be taken from an award of commissioners to the circuit court at a later stage in a condemnation matter. In relation to such an appeal there are the express provisions in sec. 32.11, Stats., that the clerk "shall thereupon enter the appeal as an action pending in said court," and that "it shall thereupon proceed as an action in said court subject to all the provisions of law relating to actions originally brought therein." By virtue of these provisions there become applicable at that stage of the condemnation proceedings under ch. 32, Stats., the provisions of law in relation to the entry of judgment and an appeal therefrom, as well as other provisions relating to actions originally brought in the circuit court. However, there is no provision to any such effect in relation to the proceeding authorized by sec. 32.07 (1), Stats., for the determination of but the issue as to the necessity of the taking of the property. In passing upon provisions in sec. 1797m—81, Stats. 1913, in relation to the determination of the question of the necessity of taking a public-utility plant by a municipality, which were substantially similar in this respect to the provisions in sec. 32.07 (1), Stats., this court said in *Menasha v. Wisconsin T., L., H. & P. Co.* 161 Wis. 605, 606, 155 N. W. 142,—

"The language of this section [sec. 1797m—80, Stats. 1913] standing alone seems to contemplate an action that shall proceed to judgment. But taken in connection with the next section and the whole scheme of condemnation it seems quite clear that the legislature intended the proceeding in court to stop with the verdict, or, in case of a trial by the court, with its finding. . . . The statute nowhere mentions a judgment. . . . The entry of a judgment upon the verdict in this case is an irregularity that does not affect the validity of the finding. An appeal does not lie from a mere verdict of a

jury or a finding of fact by the court and so sec. 3047 does not apply. But, irrespective of this, the verdict of the jury is but one step in the condemnation proceeding. There must be a vote on the question by the municipality, a finding of necessity by a jury or the court, and compensation fixed by the commission before the proceeding terminates. As pointed out in *Clancy v. Fire & P. Comm'rs,* 150 Wis. 630, 633, 138 N. W. 109, the absence of any provision for an appeal is quite significant, because in somewhat cognate statutes, there referred to, the legislature has specifically provided for an appeal. The right of appeal being purely statutory; none having been expressly given, and the whole legislative scheme of condemnation apparently negativing the idea that the proceeding should halt at an intermediate step for the purpose of an appeal, it must be held that none was intended."

These conclusions, which were recognized with approval in *Bangor v. Hussa Canning & Pickle Co.* 208 Wis. 191, 242 N. W. 565, are likewise applicable to the determination under sec. 32.07 (1), Stats., of the issue of necessity, the judgment entered thereon and the appeal therefrom in the case at bar. Consequently, the appeal must be dismissed.

*By the Court.*—Appeal dismissed.

MARTIN, J., took no part.