OLEN, Appellant, vs. WAUPACA COUNTY, Respondent.

*September 9—October 7, 1941.*

444

*Edward J. Madler* of Clintonville, for the appellant.
*J. Kyle Anderson,* district attorney, for the respondent.

Fritz, J.   The record discloses that the parties and their attorneys, as well as the county judge and also the circuit judge, evidently overlooked the legal nature and effect of condemnation proceedings instituted under sec. 32.04, Stats., by the filing of a petition addressed to a county judge by an owner of property which he charges has been taken for public use by a board, commission, or public corporation.   The authority or power conferred by secs. 32.04 and 32.07, Stats., upon a county judge is not conferred upon him as part of his ordinary judicial functions; and no jurisdiction or power is thereby conferred or vested in the county court.   Furthermore no appeal to the circuit court is authorized in any proceeding under ch. 32, Stats., until after there has been an award at a later stage in a condemnation matter by commissioners who were appointed for that purpose by the county judge.   It is only after such an award has been made that an appeal is authorized to be taken in condemnation proceedings; and it is only after such

an appeal has been taken from the commissioners' award to the circuit court, as authorized by sec. 32.11, Stats., that there can be held to be pending any action or proceeding in any court. As we said in *Tobin v. Willow River Power Co.* 208 Wis. 262, 263, 242 N. W. 480,—

"While the proceeding under ch. 32, Stats., is before the judge, it is not a proceeding in court. The taking of private property for public purpose is a matter that rests within the power and discretion of the legislature and it may be taken upon such terms as the legislature prescribes, subject to the right of trial by jury on the question of necessity where property is taken by a municipal corporation. Where a person alleges he is deprived of his property without just compensation he is entitled to a judicial determination and that right is given him by way of appeal under sec. 32.11. When an appeal is taken to the circuit court all issues are subject to a trial *de novo* as indicated in *Skalicky v. Friendship E. L. & P. Co.* 193 Wis. 395, 214 N. W. 388." See also *Manns v. Marinette & M. P. Co.* 205 Wis. 349, 235 N. W. 426, 238 N. W. 624; *Green Bay v. Saunders,* 237 Wis. 229, 296 N. W. 592; *Western Union R. Co. v. Dickson,* 30 Wis. 389.

As no jurisdiction has been conferred by statute upon either the circuit court or this court to entertain an appeal taken prior to the making of an award by commissioners from any determination made by a county judge at an earlier stage in such proceedings, no jurisdiction of an appeal is acquired by the circuit court by virtue of a notice of appeal. Therefore, ordinarily an appeal so taken prematurely must be dismissed as was held in the cases cited above. When a petitioner considers himself aggrieved, as in the case at bar, by a county judge's determination that denies his petition for the appointment of commissioners, then if the facts shown are such as to entitle him as a matter of law to have such appointment made, the petitioner's remedy is probably by *mandamus*. *Wheeler v. Westport,* 30 Wis. 392. See also *State ex rel. Rogers v. Wheeler,* 97 Wis. 96, 72 N. W. 225.

Although ordinarily there is no alternative but to dismiss such an unauthorized appeal from such a determination by a county judge, there is a somewhat different situation in the case at bar by reason of a stipulation made in the circuit court proceedings in that it was thereby—

"Agreed by and between the parties to the above-entitled action by their respective attorneys that the *petition and answer* and all other pleadings, *together with the testimony taken* and the briefs of the parties filed *and the entire record, be submitted to the circuit court* for a review of the decision of the county judge,"—

and further—

"that in the event *this court* renders a decision reversing the decision of the county judge that then and in that event a jury shall be selected at this term of court to try the issue of damages and any other issue that may be involved."

Although the parties were not rightfully in the circuit court on the intended, but unauthorized, appeal from the county judge's determination, they were, nevertheless, by virtue of the stipulation made between them "as the parties to the above-entitled action" in fact and to all legal intents and purposes in the circuit court, pursuant to their voluntary submittal to the circuit court of the entire record, including the petition and pleadings and the sworn testimony taken for the purpose of having the circuit court render a decision in review of the county judge's decision and in the event of a reversal thereof to have the circuit court proceed with the selection of a jury to try the issue of damages and any other issue that may be involved. Thus the parties by a stipulation made in intended proceedings in circuit court, which would have had jurisdiction of all the issues in an action that could be considered pending there upon an appeal taken after an award was made by commissioners, were voluntarily in court upon verified pleadings and sworn testimony which to all intents and purposes can be considered to constitute virtually an agreed verified case

containing the facts upon which the controversy depends and which has been voluntarily submitted to the court for decision. And as the circuit court would have jurisdiction to adjudicate the matters thus submitted, if the issues had been raised in an action pending there as the result of an appeal from and after an award made by commissioners, the case can be deemed to be pending in the circuit court by virtue of the stipulation as an action upon an agreed case under sec. 269.01, Stats.

Considered as such an action, the following matters appear beyond dispute in the record, including the testimony taken before the county judge, to wit: Under orders and in the manner directed by the Waupaca county highway commission and its highway commissioner, and under the immediate supervision of its superintendent in charge on the job, Waupaca county raised the grade of County Trunk Highway C by putting in a fill of gravel and sand about five feet deep along the sixty-feet frontage of Olen's property, and in doing so the county put about twenty-five yards of fill on Olen's land with a depth of five feet at the front lot line and sloping downward as the fill extended back twenty feet from the street, and that fill covered and prevented the use of the private walk and driveway to the house and garage. Consequently to the extent that for at least twenty feet back from the street line, Olen's land was actually covered by the permanent sloping embankment supporting the raised grade of the county highway, there was, as a matter of law, a taking of his land and not a merely consequential injury thereto. *Cronin v. Janesville T. Co.* 163 Wis. 436, 158 N. W. 254; *Bunker v. Hudson,* 122 Wis. 43, 99 N. W. 448; *Broadwell v. Kansas City,* 75 Mo. 213, 42 Am. Rep. 406; *Hendershott v. Ottumwa,* 46 Iowa, 658, 26 Am. Rep. 182; 18 Am. Jur. p. 761, § 134; p. 845, § 214. The placing of such a permanent embankment on an owner's land and the resulting deprivation of his use thereof constitutes an unlawful taking of his property unless he is compensated for the land so taken (*Bunker v. Hudson, supra*); and when he has

allowed, by express or tacit consent, his land to be so occupied for such public purpose he can proceed under the condemnation statute, sec. 32.04, Stats., to have his compensation determined by a commission appointed under ch. 32, Stats. *Cronin v. Janesville T. Co., supra; Benka v. Consolidated Water Power Co.* 198 Wis. 472, 224 N. W. 718. And that the provisions of ch. 32, Stats., are applicable also to a county is evident from the provision in sec. 84.04 (3), Stats., that when any land is needed to improve a highway the county may acquire the land so needed in the manner provided by sec. 83.07 or 83.08 *or* ch. 32, Stats. Consequently, the circuit court was in error in concluding that Waupaca county was not liable for compensation to Olen for the land taken as stated above. And as it appeared without dispute that the county had in fact taken part of his land as necessary for the improvement of the county highway, and that he had tacitly consented to the necessity for such taking by voluntarily instituting condemnation proceedings under sec. 32.04, Stats., there was no issue of fact as to the necessity for the taking to be determined by the county judge. The constitutional and statutory provisions prohibiting the taking of private property for public use unless there exists necessity for such taking and the owner is compensated therefor are primarily for the protection and benefit of the owner. Consequently, when he tacitly consents to such taking by himself instituting condemnation proceedings under which the property will be lawfully acquired for public use, the owner has waived the right to, and there is no further occasion for, a determination as to necessity. *Connell v. Kaukauna,* 164 Wis. 471, 487, 489, 159 N. W. 927, 160 N. W. 1035. The sole question then remaining for determination is as to the amount of compensation to be paid for the property taken. It follows that Olen was entitled, upon the sworn testimony and the record, which was submitted voluntarily by the stipulation of the parties to the circuit court for decision, to have that court order

the selection of a circuit court jury to try the issue of damages in the same manner that would have been followed in due course if the county judge had duly appointed commissioners in the first instance and an appeal from their award had been duly taken to the circuit court as authorized by sec. 32.11, Stats. By virtue of their stipulation, the parties have in effect waived the right to first have commissioners determine the compensation to be paid, and then to take an appeal to the circuit court from the commissioners' award, and thereupon have a jury selected to pass upon the issue as to the compensation. In that event the jury's verdict would have been followed in due course by a judgment from which either party could have appealed to this court. However, as the entry of such a judgment has been prevented by the circuit court's adjudication, which but affirmed the county judge's erroneous decision, the appeal herein is from a circuit court adjudication, which in effect is an order affecting a substantial right that is made in an action and that in effect determines the action or proceeding and prevents a judgment from which an appeal might be taken. Consequently, the appeal herein is authorized under sub. (1) of sec. 274.33, Stats., and the adjudication in question must be reversed for the reasons stated, and the cause remanded to the circuit court with directions to order the selection of a jury for the purposes stated in sec. 32.11, Stats., and to proceed as therein provided.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings as directed in the opinion.