KLUMP and wife, Plaintiffs and Appellants, vs. CYBULSKI and others, Commissioners, Defendants: WISCONSIN ELECTRIC POWER COMPANY, Defendant and Respondent.    [Case No. 156.]

SAME, Plaintiffs and Respondents, vs. SAME, Defendants: SAME, Impleaded Defendant and Appellant.    [Case No. 188.]

*January 8—February 5, 1957.*

For the plaintiffs there was a brief and oral argument by *Clarence J. Bullock* and *Benjamin S. True,* both of Milwaukee.

For the defendant Wisconsin Electric Power Company there was a brief by *Shaw, Muskat & Paulsen,* and oral argument by *John G. Quale,* all of Milwaukee.

WINGERT, J. 1. The judgment appealed from might well be sustained on the sole ground that plaintiffs failed to show that they were without an adequate remedy at law and would suffer irreparable injury were the commissioners to proceed to appraise the property and make an award of compensation. It is elementary that one who invokes the aid of equity must ordinarily make such a showing. There is nothing in the present case to take it out of that general principle. The courts should not lightly entertain such collateral actions to enjoin performance of duties imposed by statute.

In the instant case the plaintiff landowners have failed to show that their rights could not be adequately preserved and protected by appeal under sec. 32.11, Stats., from the award of the commissioners. That section provides that any party to condemnation proceedings may appeal from the commissioners' award to the circuit court, and that the matter shall thereupon proceed as an action in said court subject to all the provisions of law relating to actions originally brought therein. This court has held on several occasions that on such an appeal a trial *de novo* may be had "upon any and all issues that can be properly framed or asserted upon the entire record as it then stands." *Skalicky v. Friendship E. L. & P. Co.* 193 Wis. 395, 401, 214 N. W. 388; *Manns v. Marinette & M. P. Co.* 205 Wis. 349, 351, 355, 235 N. W. 426, 238 N. W. 624; *Tobin v. Willow River Power Co.* 208 Wis. 262, 263, 242 N. W. 480.

Accordingly, in such an appeal the plaintiffs can have a judicial determination of all matters which they have presented to the court in the present action to enjoin the commissioners from doing their duty. The court could then review, to the extent reviewable in any judicial proceeding, the necessity of the taking, its permissible extent, and the propriety of the appointment of commissioners by Judge O'NEILL while neither the plaintiffs nor Judge GEHRZ had consented to the withdrawal of the petition filed with the latter.

Plaintiffs' fears that these matters would not be open for consideration on an appeal from the commissioners' award were apparently based on a dictum in *Highway Committee of Jefferson County v. Guist,* 235 Wis. 18, 23, 292 N. W. 226, that on such an appeal the question of taking is no longer open for consideration, and all that remains is to determine just compensation. That dictum must be read as applied to the situation in the case then before the court, and is rather a statement that under the statutes there involved the determination of necessity by the county highway committee and the town board was not subject to judicial review at all, than that an appeal under sec. 32.11, Stats., would be limited to less than all of the issues subject to judicial review in any proceeding. The case is not to be taken as authority for the proposition that the necessity for a taking by a private corporation cannot be reviewed on appeal under sec. 32.11 to the limited extent permissible in any judicial proceeding.

We do not overlook the fact that sec. 32.12, Stats., authorizes the condemnor to take and use the property for the purposes for which it was condemned on paying the amount awarded by the commissioners without waiting for the outcome of an appeal under sec. 32.11, and that in some cases such interim action might subject the landowners to damage if the taking should be held invalid on the appeal from the award. In the present case the plaintiffs have not shown

that any irreparable injury would result to them if the Power Company were to exercise the right given by sec. 32.12. The company does not propose to erect any structures on their property, but merely to string power lines over it, 48 feet above the surface. In such a situation, irreparable injury in the interval pending determination of an appeal from the award is not to be presumed where not proved to be likely.

2. While the judgment might be affirmed solely on the ground already stated, other matters have been litigated below and argued here which, if not disposed of, will prolong uncertainty and perhaps give rise to another appeal. We therefore consider the merits of those questions.

Plaintiffs contend that the Power Company has failed to establish that it is reasonably necessary to take an easement over their land, as the proposed new circuits could be strung over the company's existing 161-foot right of way immediately south of plaintiffs' property, or could be carried in conduits underground on that strip. Testimony was taken pro and con on the question of necessity before Judge O'NEILL, who found the proposed condemnation reasonable, the taking reasonably necessary, and that there was no evidence of bad faith or abuse of discretion. In the present action Judge SHAUGHNESSY reviewed the evidence and also held that necessity had been established. On examination of the record we are satisfied that those findings are abundantly supported.

The Power Company is a Wisconsin corporation engaged in the business of transmitting power as a public utility. It is authorized to acquire real estate by condemnation for the construction and location of its lines. 32.02 (5), Stats. The purpose of the taking is a public purpose; no claim is made to the contrary.

The "necessity" required to support condemnation is only a reasonable, and not an absolute or imperative, necessity.

*Chicago & N. W. R. Co. v. Racine,* 200 Wis. 170, 175, 227 N. W. 859.

Where, as here, the application is for a right of way for an electric line, "the petitioner shall determine the necessity." Sec. 32.07 (2), Stats.; *Blair v. Milwaukee E. R. & L. Co.* 187 Wis. 552, 555, 203 N. W. 912. The determination of necessity is primarily for the legislature, and the judgment of the party to whom such determination has been delegated (in this case the Power Company) is beyond question by any court if there is reasonable ground to support it. *State ex rel. Allis v. Wiesner,* 187 Wis. 384, 395, 396, 204 N. W. 589.

The right to locate the power line is given to the Power Company and the location cannot be challenged unless that right is arbitrarily or oppressively exercised. *Blair v. Milwaukee E. R. & L. Co.* 187 Wis. 552, 558, 203 N. W. 912. A court will not interfere with the choice unless necessary to prevent an abuse of discretion by an attempted taking in utter disregard of necessity for it. *Swenson v. Milwaukee County,* 266 Wis. 129, 133, 63 N. W. (2d) 103. Where a condemnor is given the right by statute to determine necessity, its choice of location cannot be challenged on the ground that another location on its own land would be as convenient and cheaper. *Swenson v. Milwaukee County,* 266 Wis. 129, 132, 63 N. W. (2d) 103.

In the light of these principles, it is not for the court to decide whether the Power Company is making the best decision with respect to location of its power circuits or the need for acquiring the desired easement. Judicial interference with the utility's determination would at most be warranted only by a convincing showing that the determination is unreasonable, arbitrary, or not made in good faith.

Here there is no evidence at all that the company is not acting in good faith, according to the best judgment of its technical experts, and the evidence falls far short of demon-

strating that its determination is unreasonable or arbitrary. It is clearly shown that the utility needs the additional circuits, and there is ample testimony to sustain its determination that it will be better, cheaper, and safer to string the lines over plaintiffs' land than to crowd them over the company's present right of way. There is also sufficient evidence that an 80-foot easement is reasonably required for the best arrangement of the wires with ample margins of safety, and that it is cheaper and more satisfactory to string the wires overhead than to lay them underground. There is evidence to the contrary on some of these matters, but it is not the preponderance, and since other evidence furnishes ample support for the findings of the judges below, we need not summarize it.

3. Appellants contend there is no warrant in law for the taking of the right to cut down trees and to restrict future building on the premises to 25 feet in height and fireproof construction.

By sec. 32.02, Stats., the condemnor is authorized to acquire "any real estate . . . or interest therein." Here it is not acquiring the fee, but an easement. The provisions relative to trees and buildings are features of the easement. The company could take the fee title if it needed it. No reason is apparent why it may not take any interest less than that, as to which there is reasonable basis for a determination of necessity.

It has long been held that a power company may condemn the right to cut down trees to provide sufficient clearance for its wires. *Blair v. Milwaukee E. R. & L. Co.* 187 Wis. 552, 556, 203 N. W. 912. Other restrictions reasonably required for safety, such as those involved in the present case, are likewise permissible subjects for acquisition.

The record contains sufficient evidence to sustain the determination that the servitudes now in question are reason-

ably required in the interests of safety and prevention of damage from fire.

4. It is further contended that the Power Company could not effectively withdraw its first petition for condemnation and immediately file another one for the acquisition of the same property.

Without passing on the strict propriety of the withdrawal and new filing as a matter of procedure, we hold that Judge O'NEILL had jurisdiction to entertain and act upon the second petition, and that there was no error in doing so which can impair the validity of his appointment of commissioners or of subsequent proceedings in the premises.

Both petitions were filed pursuant to sec. 32.04, Stats. Such a proceeding for the appointment of commissioners is wholly statutory, and the statutory provisions control. *Blair v. Milwaukee E. R. & L. Co.* 187 Wis. 552, 555, 203 N. W. 912. Until the commissioners have made an award, it is not a judicial proceeding, and the judge acts in an administrative capacity. *Olen v. Waupaca County,* 238 Wis. 442, 300 N. W. 178; *Tobin v. Willow River Power Co.* 208 Wis. 262, 263, 242 N. W. 480. Hence rules applicable to judicial proceedings in a court are not controlling.

The statutes applicable to such proceedings are silent on the matter of voluntary discontinuance by the petitioner prior to the commissioners' award. Sec. 32.19, Stats., provides that after award the petitioner may discontinue the proceeding upon such terms as to the court shall seem just. The absence of any comparable provision for court approval or terms in case of discontinuance prior to the appointment of commissioners tends to negative any limitation upon the right to discontinue at that earlier stage.

In *Milwaukee L., H. & T. Co. v. Milwaukee-Northern R. Co.* 132 Wis. 313, 335, 112 N. W. 663, this court stated:

". . . the corporation may, at its election, discontinue condemnation proceedings prior to the appointment of commissioners, and with the consent of the court may do the same

after commissioners are appointed and before the award is made."

This view finds support in earlier condemnation cases, *Driver v. Western Union R. Co.* 32 Wis. 569, 583, *Morris v. Wisconsin Midland R. Co.* 82 Wis. 541, 544, 52 N. W. 758, and in cases involving the right to discontinue other administrative proceedings. *Cash v. Kruschke,* 134 Wis. 130, 138, 113 N. W. 675; *Milton v. McGowan Water, L. & P. Co.* 176 Wis. 658, 661, 187 N. W. 661. The case of *Manitowoc & Lake Winnebago R. Co. v. Stolze,* 101 Wis. 91, 76 N. W. 1113, related to discontinuance after appointment of commissioners, and the language used must be read in the light of that distinguishing fact.

While Judge GEHRZ did not affirmatively authorize or consent to the withdrawal of the first petition, he appears to have acquiesced in it.

Plaintiffs have not shown that the withdrawal of the first petition and the filing of a second one and its consideration by a different judge have prejudiced their substantive rights in any way. The second petition was substantially the same as the first one, with changes suggested by plaintiffs' objections, and it is not shown that plaintiffs were handicapped in responding to it by the fact that it was assigned to Judge O'NEILL, instead of being presented to Judge GEHRZ as an amended petition. The assignment to a different judge seems to have been no more than the fortuitous working of the routine procedure for distributing work among the several judges of the circuit court for Milwaukee county. Plaintiffs were granted a full hearing by Judge O'NEILL, and it certainly cannot be presumed that they would have fared any better before Judge GEHRZ. The net result is not shown to have been different in any material respect than if the Power Company had filed its second petition with Judge GEHRZ as an amendment of the first one, which it might have done. See *Union Mfg. Co. v. Spies,* 181 Wis. 497, 503, 195 N. W. 326.

In view of the foregoing considerations, we conclude that any procedural irregularities there may have been in the premises were harmless and did not impair the validity of the proceedings before Judge O'NEILL.

5. The Power Company has appealed from an order made after plaintiffs' appeal had been perfected, restraining the defendant commissioners from making an appraisal and award pending decision on plaintiffs' appeal, and from a later order refusing to vacate the restraining order. The questions involved in the company's appeal were not argued by either party, orally or in the briefs, and our decision on the main appeal will presumably make the company's appeal moot. It will therefore be dismissed.

*By the Court.*—Judgment affirmed in No. 156. Appeal dismissed in No. 188, without costs to either party.