CITY OF MADISON, Respondent, vs. TIEDEMAN and others, Appellants.*

*May 6—June 4, 1957.*

* Motion for rehearing denied, with $25 costs, on September 10, 1957.

For the appellants there were briefs by *McAndrews & Melli* of Madison, and oral argument by *Joseph A. Melli.*

For the respondent there was a brief by *Harold E. Hanson,* city attorney, and *Alton S. Heassler,* assistant city attorney, and oral argument by *Mr. Heassler.*

STEINLE, J.  The questions presented pertain not only to the grounds of the demurrer, but also to a consideration as to whether the demurrer was a proper pleading to the condem-

nation petition, and if so, as to whether the order overruling the demurrer was appealable. Since we are obliged to determine that a demurrer to a condemnation petition is not a proper pleading, it is beyond our province to decide the other considerations that have been raised.

The several steps to be employed in a condemnation proceeding are prescribed in ch. 32, Stats. Sec. 32.04, Stats., provides for the presentation of a petition by a person desiring to acquire property by condemnation to either the county or circuit judge of the county where the property is situated. It also specifies the necessary content of such petition; sec. 32.05 relates to the notice of hearing; sec. 32.07 specifies the procedure to be employed in determining the necessity of the taking; sec. 32.08 relates to the appointment of commissioners; sec. 32.09 treats with the notice of appraisal; sec. 32.10 specifies the procedure relating to the hearing on appraisal; and sec. 32.11 provides that any party to a condemnation proceeding may appeal to the circuit court from an award of the commissioners. This section of the statutes also particularizes the requirements for such appeal.

Sec. 32.07, Stats., specifically provides as follows:

"NECESSITY, DETERMINATION OF. The necessity of the taking shall be determined as follows:

"(1) If the application be by a municipal corporation, the filing of the petition under section 32.04 shall be deemed the commencement of an action for the determination of the necessity of the taking. Within twenty days after the service of notice, as provided in section 32.05, any person owning or interested in any property proposed to be condemned, may serve and file an answer. After the expiration of the time for answering, the action may be brought on for hearing on a three days' notice to all parties who have answered and shall have precedence over all other matters not on trial. The court shall thereupon impanel a jury and the question of the necessity of the taking shall thereupon be tried as a question of fact. Juries shall be obtained in the manner provided for circuit courts, except that in county courts having extra civil jurisdiction the method prescribed by the law

creating the court shall be followed. If no answer to the petition is interposed the trial by jury shall proceed *ex parte.* The costs in such proceedings shall be paid by the municipality. The court may, in its discretion, submit to a single jury the determination of such necessity as to one or more than one or all of the parcels of land sought to be taken for the same purpose, or for one or more streets or alleys. If the jury find that the taking of such lands is not necessary the owner thereof shall recover from the municipality his necessary disbursements and taxable costs not to exceed $25.

"(2) If the application be by a town or county, or by a board, commission, public officer, or housing authority created under sections 66.40 to 66.404; or for the right of way for a railroad or a street or interurban railway up to 100 feet in width, or a telegraph, telephone, or electric line, or for the right of way for a gas pipe line, main, or service; or for easements for the construction of any elevated structure or subway for railroad, street, or interurban railway purposes, the petitioner shall determine the necessity.

"(3) In all other cases, the judge shall determine the necessity.

"(4) The determination of the public service commission of the necessity of taking any undeveloped water-power site made pursuant to the provisions of section 32.03 (3) shall be conclusive."

Sec. 32.11, Stats., provides:

"APPEAL. Any party to a condemnation proceeding, and any persons against whose lands assessments for benefits or damages shall have been made, may appeal from the award of the commissioners to the circuit court of the county by filing a notice of appeal in the office of the clerk of such court. Such notice must be filed within thirty days from the filing of the report of the commissioners. The clerk shall thereupon enter the appeal as an action pending in said court with the owner or owners of the property for which the award was made and who are parties to the appeal as plaintiffs and the party by whom the property is taken as defendant. It shall thereupon proceed as an action in said court subject to all the provisions of law relating to actions originally brought therein. It shall be tried by jury unless waived. Costs shall be allowed to the successful party on the

appeal. If in favor of the plaintiff they shall be added to the verdict. If in favor of the defendant, they shall be deducted therefrom."

The appellants maintain that a demurrer may be interposed to a petition for condemnation presented to the judge by a municipality, and that the ruling upon the demurrer is appealable to this court. The respondent city contends that notwithstanding the provision in sec. 32.07, Stats., directing a trial by jury on the issue of the necessity of the taking when a municipality applies for condemnation, and despite the legislature's declaration in said statute that the filing of the petition shall be deemed the commencement of an action for the determination of such issue if the application is by a municipality, nevertheless the determination of such issue in said manner is but a step in the entire condemnation proceeding, with no finality of determination from which an appeal to this court may be taken. Further, it is contended that until there is an appeal from the award of the commissioners as provided in sec. 32.11, and until the clerk of the circuit court shall have entered the appeal as an action pending in said court, with the owner of the land so appealing shown as a party plaintiff, and the party by whom the property is taken shown as party defendant, there is no action pending to which the general rules of pleading and practice shall apply. It is the position of the respondent that previous to an appeal from an award of the commissioners, only the pleadings and procedure specifically authorized by statute are permissible. Respondent also submits that if an appeal from an award of the commissioners is made, there is then available to an aggrieved owner the right to challenge in law or fact all phases of the condemnation proceeding, excepting the fact determination relating to the necessity for the taking.

In support of its position that a demurrer to a petition presented to the judge by a municipality is proper, the appellants rely on *Freber v. Beaver Dam* (1931), 205 Wis.

299, 237 N. W. 119, and *New Lisbon v. Harebo* (1937), 224 Wis. 66, 271 N. W. 659. True, in each of those cases a demurrer was interposed to the petition presented by the municipality, and appeal was taken to this court from an order overruling the demurrer. However, in neither of said cases was there challenge of the propriety of the interposition of the demurrer to the petition as presented by the municipality, nor was question raised as to the appealability of the order of the court overruling the demurrer.

In cases involving orders overruling petitions for condemnation presented by others than municipalities, it has frequently been held that such petition is not demurrable, and that only after an appeal has been taken from the commissioners' award does the proceeding take on the nature of an action to which the general practice rules apply. In *Tobin v. Willow River Power Co.* (1932), 208 Wis. 262, 263, 242 N. W. 480, it was said:

"That the petition was not demurrable has been held in *Manns v. Marinette & M. P. Co.* 205 Wis. 349, 235 N. W. 426, 238 N. W. 624. See also *Price v. Marinette & M. P. Co.* 197 Wis. 25, 221 N. W. 381; *Baerwolf v. Wisconsin River P. Co.* 198 Wis. 112, 223 N. W. 571.

"While the proceeding under ch. 32, Stats., is before the judge, it is not a proceeding in court. The taking of private property for public purpose is a matter that rests within the power and discretion of the legislature and it may be taken upon such terms as the legislature prescribes, subject to the right of trial by jury on the question of necessity where property is taken by a municipal corporation. Where a person alleges he is deprived of his property without just compensation he is entitled to a judicial determination and that right is given him by way of appeal under sec. 32.11. When an appeal is taken to the circuit court all issues are subject to a trial *de novo* as indicated in *Skalicky v. Friendship E. L. & P. Co.* 193 Wis. 395, 214 N. W. 388."

In *Olen v. Waupaca County* (1941), 238 Wis. 442, 300 N. W. 178, it was said (p. 446):

"The authority or power conferred by secs. 32.04 and 32.07, Stats., upon a county judge is not conferred upon him as part of his ordinary judicial functions; and no jurisdiction or power is thereby conferred or vested in the county court. [pp. 446, 447]: ". . . it is only after such an appeal has been taken from the commissioners' award to the circuit court, as authorized by sec. 32.11, Stats., that there can be held to be pending any action or proceeding in any court."

In the recent cases of *Klump v. Cybulski* (1957), 274 Wis. 604, 81 N. W. (2d) 42, and *Barrows v. Kenosha County* (1957), 275 Wis. 124, 81 N. W. (2d) 519, we held that until the commissioners have made an award, a proceeding under ch. 32, Stats., is not of a judicial nature, the judge acting merely in an administrative capacity. In the *Klump Case* it was pointed out that rules applicable to judicial proceeding in a court are not controlling until after the commissioners have made an award. Neither the *Klump* nor the *Barrows Cases* involved the procurement of a jury verdict with respect to the item of necessity for taking. We were not called upon in those cases to determine whether matters in connection with such jury verdict were of a judicial nature. Manifestly, such matters require judicial supervision.

It was upon the rehearing in *Manns v. Marinette & M. P. Co.* (1941), 205 Wis. 349, 235 N. W. 426, 238 N. W. 624, that a matter such as is involved here, was given consideration. There is was said (p. 354):

"The statute does not seem to contemplate that in the consideration of such petition and in the appointment of such commissioners the county judge is acting as a judge of the circuit court, so that his act would be subject to review by the circuit court under the provisions of sec. 252.15.

"Other provisions of ch. 32 negative the idea that the filing of the petition, especially with the county judge, is the institution of an action or other proceeding in the circuit court. For instance, sec. 32.07 specifically provides that 'if the application be by a municipal corporation, the filing of

the petition under sec. 32.04 shall be deemed the commencement of an action for the determination of the necessity of the taking,' to be followed by the proceedings therein prescribed. This negatives the idea expressly declared in sec. 1846 of the statutes of 1917 that 'the filing of such petition shall be the commencement of a suit in said court.' It is further negatived by the provisions of sec. 32.11 providing for an appeal from the award of the commissioners to the circuit court of the county, and that the clerk shall thereupon enter the appeal as an action pending in said court. It was expressly held in *Skalicky v. Friendship Electric L. & P. Co.* 193 Wis. 395, 214 N. W. 388, that upon such appeal the trial was *de novo* on all issues which can be properly framed on the entire record as it then stands."

In the *Manns Case* (p. 355), it was also stated:

"For the purposes of this case it is sufficient to say that whether these proceedings were judicial or not, . . . the order entered did not determine the action, nor prevent a judgment from which an appeal might be taken. The appellants could have appealed from the award of the commissioners, in which proceeding all of their rights would have been determined, under the doctrine of *Skalicky v. Friendship E. L. & P. Co.* 193 Wis. 395, 214 N. W. 388. Under such circumstances the order was not appealable, even though made in special proceedings. It was not a final order. Sec. 274.33, Stats."

Ch. 32, Stats., furnishes a complete and exclusive method of procedure in condemnation matters. Statutes of this kind are in derogation of the common law, and are to be strictly construed. Pleadings instituting proceedings under such statutes are also to be strictly construed. See *Union Mfg. Co. v. Spies* (1923), 181 Wis. 497, 502, 503, 195 N. W. 326. It is apparent from an examination of the provisions in ch. 32, Stats., that it was the intention of the legislature that proceedings thereunder be conducted expeditiously and without delay. The provisions in sec. 32.07 (1), Stats., relating to trial by jury when a municipality presents the peti-

tion, is in conformity with sec. 2, art. XI, Const., which prescribes that:

"No municipal corporation shall take private property for public use, against the consent of the owner, without the necessity thereof being first established by the verdict of a jury."

Sec. 32.07 (1), Stats., provides that the owner of the land may serve and file an answer to the municipality's petition. The statute must be strictly construed. Obviously, in the interests of dispatch, the legislature intended that at such point in the condemnation proceeding, opportunity be afforded to the owner to challenge as a matter of fact and not of law the necessity for the taking, reserving to the owner the right to raise legal issues in connection with the petition after the award by the commissioners had been made. The restriction in limiting the right of an owner at that juncture of the condemnation proceeding to challenge only the factual consideration of the necessity of the taking is one that the legislature had the power to prescribe, and the principle of due process of law is not thereby violated. Had the legislature intended that a demurrer might with propriety be interposed when the petition was presented, it could well have so provided. The appellant maintains that the word "answer" includes the word "demurrer," and relies on *Howell v. Howell* (1862), 15 Wis. *55, where it was held that the word "answer" as used in sec. 1, ch. 138, R. S. 1858, is used in a general sense so as to signify any pleading by which an issue either of law or fact is made or tendered on the part of the defendant. However, in *Hyde v. Kenosha County* (1877), 43 Wis. 129, 141, the court dissented from the rule in the *Howell Case,* and indicated that it had grave doubts as to whether the same must not be considered overruled. Sec. 263.05 clearly distinguishes between "demurrer" and "answer." It provides that the only pleading on the part

of the defendant is either a "demurrer" or an "answer." We are of the opinion that the word "answer" as it appears in sec. 32.07 (1), is to be considered in its technical sense, and is not to receive a liberal interpretation. The word "answer" as used in this statute does not include the concept of a "demurrer."

That the legislature intended condemnation proceedings to be conducted without delay is also plain from its provisions in sec. 32.07 (1), Stats., that the action "may be brought on for 'hearing' [not trial] on a three days' notice . . . and that the hearing shall have precedence over all matters not on trial." Ch. 32, Stats., does not provide for an appeal from a determination of necessity of taking immediately after such finding is made by a jury, but postpones such right until after the award by the commissioners has been made. As stated in *Manns v. Marinette & M. P. Co., supra* (pp. 350, 351):

"Where no statute authorizes an appeal to this court there can be no appeal. *Puffer v. Welch,* 141 Wis. 304, 124 N. W. 406; *Wildes v. Franke,* 157 Wis. 189, 146 N. W. 1119. The purpose of this rule of practice is to serve public interest in a speedy end to litigation. Appeals from orders not affecting substantial rights usually accomplish only delays. In condemnation proceedings the only appeal referred to in any of the sections in ch. 32 is in sec. 32.11,—'any party to a condemnation proceeding . . . may appeal from the award of the commissioners to the circuit court of the county. . . . ' And it is further provided that the appeal shall be treated as an action pending in the court with the owners of the property as plaintiffs and the party by whom the property is taken as defendant. The proceedings thereafter are those of an action in said court subject to all the provisions of law relating to actions originally brought therein. This means that there is a trial *de novo* before the court and jury and any and all issues that can be properly framed or asserted may be examined and decisions made thereon."

A situation comparable to that at bar was presented in *Menasha v. Wisconsin T., L., H. & P. Co.* (1915), 161 Wis. 605, 155 N. W. 142. There the court was called upon to construe sec. 1797*m*—80, Stats. 1913 (now sec. 197.03), which designated procedure for condemnation of a utility by a municipality. The steps included a determination by a majority of the voters for the acquisition of the utility; the commencement of an action by the municipality against the utility praying for the adjudication of the necessity for the taking; and the determination of such question by a jury, unless waived; the determination of compensation by the commission. The trial court entered judgment upon the jury verdict and an appeal therefrom was taken to this court. The appeal was dismissed on grounds that the statutes did not provide for judgment upon the jury's verdict and did not provide for an appeal to this court from the jury verdict.

In *Bangor v. Hussa Canning & Pickle Co.* (1932), 208 Wis. 191, 242 N. W. 565, the court was called upon to treat with a proceeding under ch. 197, Stats., relating to municipal acquisition of a utility. Mr. Justice WICKHEM, speaking for the court, said (p. 194):

"Thus ch. 197 provides a complete scheme of condemnation of public utilities by the municipality. One of the steps in the process is what is denominated an 'action in circuit court' for an adjudication as to the necessity of the taking. In this action the verdict of a jury is taken upon the issue of necessity. There is, however, no provision for or contemplation that a judgment shall follow the verdict. The verdict of the jury is simply a step in the condemnation proceeding.

[pp. 195, 196]: "The determination of the fact of necessity is fundamentally a legislative function except so far as the power may have been limited by the constitution. In the case of the condemnation of property by a municipality, it has been so limited by the requirement that the necessity of taking shall be established by the verdict of a jury.

[p. 196]: "The constitution requires not a jury trial but the verdict of a jury under the supervision of the court.

*State ex rel. Allis v. Wiesner, supra.* In compliance, the statute has provided that an action be commenced in the course of which a jury verdict be taken as to the fact of necessity. Consequently there is imposed upon the judicial branch of the government some duty of supervision with respect to the action in which a jury is impaneled."

It is considered that the action referred to in sec. 32.07 (1), Stats., is but an intermediate step in the process provided by the legislature for the condemnation of land by a municipality under ch. 32, Stats. Such action is limited in scope and is restricted entirely to the procurement of a jury verdict upon the factual issue of the taking. Since the statute does not provide for an appeal to this court from such verdict, no such appeal lies. Objections to the petition and to the verdict may be made upon the trial following the appeal from the commissioners' award.

We are constrained to hold that a petition by a municipality under sec. 32.04, Stats., is not demurrable. We conclude that an appeal does not lie to this court from determination by the trial court of an objection to the petition or to the verdict interposed prior to the trial of the action which follows an appeal from the commissioners' award.

*By the Court.*—Appeal dismissed.

BROWN, J., took no part.