KULTGEN, Appellant, v. STATE HIGHWAY COMMISSION, Respondent.

*November 30, 1960—January 10, 1961.*

262

For the appellant there was a brief and oral argument by *Frank X. Didier* of Port Washington.

For the respondent the cause was argued by *Richard C. Bonner* of Grafton, special counsel, *A. J. Feifarek,* assistant attorney general, and *James J. Koenen,* district attorney of Ozaukee county, with whom on the brief were *John W. Reynolds,* attorney general, and *Richard E. Barrett* and *William H. Wilker,* assistant attorneys general.

BROWN, J.   The statute in effect at the time of the county judge's award on July 16, 1958, provided that the aggrieved party had ninety days in which to appeal to the circuit court. The commission did appeal on July 24, 1958.  Its appeal is as follows :

"Please take notice that the State Highway Commission of Wisconsin, respondent in the above proceedings, hereby appeals to the circuit court of Ozaukee county, Wisconsin, from the award of damages for the taking of the premises described in the application of the petitioner on file herein by PETER M. HUIRAS, judge of said court, which award was filed in the office of the clerk of said county court on the 16th day of July, 1958, in the amount of Six Hundred ($600) Dollars.

"Dated this 24th day of July, 1958."

We have already held that the appeal from the Highway Commission's award to the county judge comes to the judge as an administrative and not as a judicial matter, and until the judge has made an award it is not a judicial proceeding. *Klump v. Cybulski* (1957), 274 Wis. 604, 81 N. W. (2d) 42.  That award was made by the highway commissioners

whereas the present award is made by the county judge, but the principle is the same. And in the *Klump Case* we said that when the appeal is taken to the circuit court it then becomes an action in that court and is subject to all the provisions of law relating to actions originally brought therein; and upon appeal such as this a trial *de novo* may be had upon any and all issues that can be properly framed or asserted upon the entire record as it then stands.

Issues in an action *de novo* in circuit court ordinarily would be framed or asserted by pleadings. By its notice of appeal the commission put in issue only the amount of the damages. Since the county judge exercised only an administrative power, his decision did not reach Kultgen's stated objections to the legality of the condemnation itself, nor would a cross appeal from the judge's award without more bring such issues before the circuit court.

The statutes do not prescribe a method by which such issues must be presented to the circuit court on such an appeal but we think it clear, whatever the method chosen by a party to raise such issues, that party must present them within the time limited for an appeal, because it is the appeal alone which converts the administrative proceeding into an action in which all questions may be raised.

Kultgen's first petition for summary judgment did present the issues of the alleged invalidity of the commission's condemnation procedure. There may be other ways, and perhaps preferable ones, to present them but in the absence of an authoritative and exclusive alternative method we are not willing to say that his method of presenting his issues by an application for summary judgment containing a recitation of facts and conclusions is inadequate. In such circumstances we hold that the first petition, filed within the ninety days limited for appeals, performed the function of a pleading framing an issue of the legality of the condemnation itself.

Although that petition was timely, Kultgen did not pursue it. He got his order to show cause returnable on October 6, 1958, and the record shows nothing more about it. Next we find that Kultgen presents a new petition for summary judgment much expanded over the first one. This petition is dated May 20, 1960. If orderly rules of practice are to be followed as in ordinary litigated matters (*Klump v. Cybulski, supra*), an amendment to a pleading must be by permission of the trial court. The record here does not indicate that the second petition was even meant to amend the first petition. Certainly, there was no motion made nor order granted to permit an amendment. As far as the record shows, Kultgen has never prosecuted his rights under the first petition but has brought an independent proceeding based upon the independent second petition.

As an independent pleading, filed nearly two years after the county judge's order, this proceeding is much too late to present issues to the court. Kultgen acquired no rights by it. The second petition is the only one on which Kultgen now demands relief, and relief on that he cannot have. Upon that record the trial court could not have granted Kultgen's petition for summary judgment. His motion for summary judgment was properly denied.

*By the Court.*—Order affirmed.