140

Buch and wife, Appellants, v. State Highway Commission, Respondent. [Four cases.] . . . .

*November 3—November 28, 1961.*

For the appellants there were briefs and oral argument by *Frank X. Didier* of Port Washington.

For the respondent the cause was argued by *James J. Koenen,* district attorney of Ozaukee county, *Richard E. Barrett,* assistant attorney general, and *Richard C. Bonner,* special counsel, with whom on the brief was *John W. Reynolds,* attorney general.

BROWN, J. The State Highway Commission of Wisconsin, using the procedure provided by sec. 84.09, Stats. 1955, purported to acquire from the four plaintiff-landowners certain of their access rights to a state trunk highway. Pursuant to that statute the commission made an award of compensation to each landowner. No land was taken. The commission did not deprive the owner in each case of his entire right of access, but left untouched a pre-existing driveway for each parcel of land. Each landowner believed his award was inadequate compensation and, as permitted by the statute, applied to the county judge to appraise the damages. For these purposes, sec. 84.09 expressly embraces sec. 83.07. The county judge appraised the damages sustained by the several owners and made awards to them for such amounts as conformed to his findings on damages.

Deeming such awards excessive, the commission appealed, under sec. 83.07 (5), Stats., to the circuit court. That statute specifies that the appeal shall be then tried under the provisions of sec. 32.11. The commission's appeals put in issue only the amount of damages found by the county judge. The landowners raised no additional issues.

Trial of the issue so framed was to a jury and the only questions submitted in each case were the value of the real estate before and after the taking. In each case, the jury found that the value after the taking was the same as be-

fore the taking. In other words, the verdict determined that the plaintiffs had sustained no damages. The circuit court granted judgments for costs against the respective landowners and for the commission to recover the amounts previously paid to them by the commission's awards.

Upon their several appeals, the various appellants seek to persuade us that the acquisition of the access rights should have been made under sec. 84.25, Stats., rather than under sec. 84.09. Further, the appellants contend that the verdicts should be set aside because the juries were not impartial and the commission's expert on value was an appraiser employed by the commission and his testimony was not unbiased.

Appellants examined the jurors or had opportunity to do so on the *voir dire* and made no objection to their serving. The contention that these were not impartial juries is without merit now.

Appellants also contend that the verdict is not supported by the evidence, in that the testimony on value which supports the verdict was given by an employee of the commission who was undoubtedly biased. Of course, the jury is the judge of the credibility of a witness and the weight to be given his testimony. The jury knew that the commission's witness was one of the commission's employees and the jury could determine whether or not his position affected his testimony and to what extent. The jury could do the same for the testimony given by plaintiffs' principal witness on values, which person was a brother of the attorney for the plaintiffs. We find no merit in plaintiffs' contention that the verdict is not supported by credible, competent evidence.

Regarding appellants' contention that the acquisition of these access rights should have been conducted under sec. 84.25, Stats., rather than under sec. 84.09, the time to

assert that was when the commission appealed from the awards of the county judge to the circuit court. Then, by appropriate pleadings, the landowners could raise whatever issue they liked. But at that time they permitted the value of the access rights to stand as the sole issue. Having done so, it is too late for them to have the issue of proper statutory procedure determined here. See *Kultgen v. State Highway Comm.* (1961), 12 Wis. (2d) 261, 106 N. W. (2d) 917.

*By the Court.*—All judgments are affirmed. All orders denying appellants' motions are affirmed.