GRUNWALDT, Plaintiff and Respondent, v. MODERN WRECKING COMPANY, Defendant: STATE HIGHWAY COMMISSION, Defendant and Appellant.

*October 31—November 27, 1962.*

For the appellant there was a brief by *John J. Fleming,* city attorney of Milwaukee, and *Ewald L. Moerke, Jr.,* and *Harvey G. Odenbrett,* assistant city attorneys, and oral argument by *Mr. Moerke* and *Mr. Odenbrett.*

For the respondent the cause was submitted on the brief of *Eisenberg & Kletzke,* attorneys, and *Edwin A. Star* of counsel, all of Milwaukee.

FAIRCHILD, J. On its motion for summary judgment, the commission sought a determination that the acquisition proceeding was valid and regular and vested title in the state.

There are three actions pending in the circuit court to which plaintiff and the commission are parties: The valuation action and the validity action are before Judge ROLLER.[2a] Although the trespass action was originally brought

[2a] We are informed that the parties have some dispute as to whether these two actions have been consolidated into one. But we cannot resolve that dispute from the record now before us.

against Modern Wrecking Company, the commission has conducted the defense, having been interpleaded.

The issue of validity and regularity which the commission sought to have determined in the trespass action on its motion for summary judgment comprises the entire issue in the validity action. For several reasons we conclude that orderly judicial administration requires that this issue be first decided in the validity action.

The validity action was commenced first. It was a direct attack on the validity of the acquisition proceeding.[3] The trespass action as above noted was originally brought against a third party. As a result of the former appeal in the validity action, that action was transferred to the branch of the court where the valuation action was pending. Although the disposition of the valuation and validity actions has been delayed, it appears that the cause for this was an agreement of the parties to await the action of the legislature on certain proposals which might have affected the litigation.

We conclude that summary judgment was properly denied in the trespass action because the validity of the acquisition proceeding ought to be determined in the validity action. We conclude moreover that all proceedings in the trespass action should be stayed until the final determination of the validity action (unless circumstances not now before us should arise under which the circuit court deems it unfair to keep the stay in effect), and the trespass action should also be transferred to the branch presided over by Judge ROLLER.

If the acquisition proceeding be found valid and regular in the validity action, then the state acquired title prior to the alleged trespass. It would follow that the trespass action must fail as to the land acquired and also as to the personal-

[3] See *Kultgen v. State Highway Comm.* (1961), 12 Wis. (2d) 261, 265, 266, 106 N. W. (2d) 917.

ty removed therefrom. If the state had title, then the personalty was wrongfully upon the realty. The Wrecking Company removed the personalty in order to protect it, and the record indicates that the personalty is being held for the proper owner and will be returned to the owner upon identification. Under these facts, there was neither trespass to the personalty nor conversion thereof.[4]

It should be noted that unless the plaintiff establishes in the validity action that the taking of his property violated some constitutional restriction or that for some other reason the state had no power to take it, there are statutory provisions for the acquisition by the state of a title not previously acquired, and the perfection of a defective title as well as provisions for inverse condemnation, brought by the owner.[5] Unless the plaintiff be successful in the validity action in proving a violation of the constitution, or of some complete lack of power on the part of the state, the state could proceed under the statute referred to or the plaintiff could resort to inverse condemnation. In any event he would obtain compensation for the property of which he was deprived.

"Since there is a statutory remedy for lands taken for public use in such cases, it is very evident that if the plaintiff's land has in fact been taken for such use, within the meaning of the constitution and the statutes, then he should have pursued that remedy. Certainly an action of tort will not lie against those making such improvement under such statutory power."[6]

If, as claimed by plaintiff, the commission has possession of part of his property outside of the portion described in the award, a proceeding by the state to take title, or inverse condemnation by the plaintiff would afford a remedy with

---

[4] Restatement, 1 Torts, pp. 555, 556, sec. 218; Prosser, Law of Torts (2d ed.), p. 66, sec. 15.

[5] Sec. 32.15, Stats. 1957, and secs. 32.10 and 32.12, Stats. 1959.

[6] *Smith v. Gould* (1884), 59 Wis. 631, 645, 18 N. W. 457.

respect to such land unless it be established that the taking would violate constitutional restrictions or that for some other reason the state had no power to take it for the purpose for which it is being used.

*By the Court.*—Order modified so as to stay all proceedings in this action until final determination of Case No. 285–080 or until the further order of the circuit court, and to transfer this action to the branch of the circuit court presided over by the Honorable ELMER W. ROLLER. The order as so modified is affirmed. No costs will be taxed on this appeal.