WEYER vs. THE MILWAUKEE & LAKE WINNEBAGO RAILROAD COMPANY.

*March 14 — April 4, 1883.*

RAILROADS: EMINENT DOMAIN. *Appeal from award on taking of land: (1) Notice, upon whom served, (4) and how signed. (2) Duplicity. (3) Deposit may be withdrawn without prejudice.*

1. Notice of an appeal from the award of commissioners of appraisal on the taking of lands by a railroad company need not be served upon the opposite party.

2. A report of such commissioners which, in form, makes separate awards of $550 in respect to each of two quarter sections of land, which together constitute but one tract, is, in effect, an award of $1,100 in respect to the whole tract, and an appeal from the whole award should not be dismissed for duplicity.

3. Where the railroad company has deposited the amount of the award and taken possession of the lands condemned, the owner, on giving the requisite bond, may withdraw the amount so deposited, without prejudice to an appeal from the award.

4. The appeal from the award of commissioners is an action, and the notice of the appeal may be signed by the attorney of the appellant.

APPEAL from the Circuit Court for *Dodge* County.

The defendant railroad company located its line of railway through lands of the plaintiff. The lands are in two quarter sections, but constitute a single tract. Condemnation proceedings were instituted, which resulted in a report by the commissioners appointed therein, in which the compensation

awarded to the plaintiff in respect to each quarter section is stated separately in the form of two awards. The plaintiff took a single appeal to the circuit court from the whole award, by filing a notice of such appeal with the clerk of the proper circuit court. The notice is in the usual form, and is signed " L. T. Fribert, attorney for said appellant, *Bernard Weyer*." The defendant moved the circuit court to dismiss the appeal, alleging the following reasons therefor: " *First*, that the court has no jurisdiction, for the reason that no notice of appeal was served upon the defendant nor its attorneys; *second*, because the appeal is double, being taken from two separate awards, and the parties interested in the awards are different; *third*, because the plaintiff has accepted the awards and drawn the money since the appeal was taken." No affidavit or other proof accompanied the motion. This appeal is from an order denying such motion.

For the appellant there was a brief by *T. L. Kennan* and *Edwin H. Abbot*, and oral argument by *Mr. Kennan*.

For the respondent the cause was submitted on the brief of *L. T. Fribert* and *J. B. Hays*.

Lyon, J. 1. It is a sufficient answer to the first ground upon which the motion to dismiss was made, to say that the statute does not require that the notice of appeal be served on the opposite party. It only requires that the same be filed with the clerk of the circuit court. Besides, the record does not inform us whether the notice of appeal in this case was served on the defendant company or not. On that subject it is silent. R. S., 541, sec. 1849.

2. Whether or not, had there been two awards in fact, the appeal should have been dismissed, need not be determined. There is really but one award. In form, $550 is awarded to the plaintiff in respect to each quarter section; and this is done in two distinct paragraphs of the report of the commissioners. In substance and effect, however, this is an

award of $1,100 in respect to the whole of a single tract of land. Hence, there is no duplicity in the appeal. The record does not show that the parties interested in the two quarter sections are different; and the learned counsel for the company conceded in his argument that they are not different. On the general subject of duplicity in appeals of this nature, and the effect thereof, see the opinion by Mr. Justice TAYLOR in *Watson v. M. & M. Railway Co., post,* p. 332.

3. The record fails to show that the plaintiff has accepted the award of the commissioners, and drawn the money. If the company took possession of the lands so condemned, the plaintiff had the right, without prejudice to his appeal, to withdraw the amount of the award from the clerk on giving the bond required by the statute. This record does not inform us whether the company paid in the award or took possession of the land condemned to its use. Hence, the third ground of the motion is not in the case.

4. The appeal is an action (sec. 1849, *supra*), and the notice of appeal may be signed by an attorney just as a summons may be so signed. Indeed, the notice performs to some extent the functions of a summons — the filing of the one being the equivalent of due service of the other. Hence, the notice of appeal from the award of the commissioners is properly signed.

We conclude that the appeal was regularly taken, and that the motion to dismiss the same was properly denied.

*By the Court.*— Order affirmed.