SWENSON and wife, Appellants, vs. MILWAUKEE COUNTY, Respondent.

*February 1—March 2, 1954.*

For the appellants there was a brief and oral argument by *E. C. Pommerening,* attorney, and *Glen E. Pommerening* of counsel, both of Milwaukee.

For the respondent the cause was submitted on the brief of *William J. McCauley,* district attorney, *Oliver L. O'Boyle,* corporation counsel, and *George E. Rice,* assistant corporation counsel.

Gehl, J.   Plaintiffs contend that it has not been shown that there is necessity for taking the land. In that connection they urge that the installation can be located just as conveniently and less expensively on the county's own property. Sec. 32.07, Stats., provides:

"The necessity of the taking shall be determined as follows: . . .
"(2) If the application be by a . . . county, . . . the petitioner shall determine the necessity."

That the legislature has power to authorize the county to make the determination without the requirement of trial by jury cannot be questioned. *State ex rel. Bare v. Schinz,* 194 Wis. 397, 216 N. W. 509. It has been held by this court in accord with the rule generally stated that the determination of necessity for taking land in the exercise of the right of eminent domain rests in the "wisdom of the legislature," that the question is for the legislative department of the government exclusively. *Smeaton v. Martin,* 57 Wis. 364, 15 N. W. 403. Quoting from *National Docks R. Co. v. Central R. Co.* 32 N. J. Eq. 755, 763, this court has said:

"It is not indispensable that the legislature shall determine that any given enterprise is necessary and proper before putting in operation the power of eminent domain. This power is primarily an absolute one, and theoretically exists in this absolute form in the ultimate source of authority in every organized society. In the constituted government of this

state the right of exercising it has been confided to the legislature, restricted by only two conditions: One that compensation shall be made to the owner of the property taken; the other, that the use for which the property may be taken shall be a public use. In other respects it is without limits. Whether the purpose to be subserved be necessary or wise is for the legislature alone. That body, also, must decide when or under what circumstances the occasion for its exercise arises; but whether the legislature will await the actual existence of the occasion before determining to employ its prerogative, or will declare in advance what condition of things shall furnish the exigency for its agents to act, is a question purely for legislative discretion." *State ex rel. Baltzell v. Stewart,* 74 Wis. 620, 630, 43 N. W. 947.

That the installation could have been or can be made as conveniently and with less expense upon the county's land is immaterial.

"A broad discretion is necessarily vested in those to whom the power of eminent domain is delegated, in determining what property is necessary for the public purpose, with respect to the particular route, line, or location of the proposed work or improvement; and the general rule is that the courts will not disturb their action in the absence of fraud, bad faith, or gross abuse of discretion. The landowner may not object merely because some other location might have been made or some other property obtained which would have been suitable for the purpose." 18 Am. Jur., Eminent Domain, p. 735, sec. 108.

"Whether there is such an exigency—whether it is wise and expedient or necessary that the right of eminent domain be exercised—rests solely within the determination of the legislature. The state is not obliged to debate its needs with any property owner. The state determines for itself whether, in a given case, an exercise of the power of eminent domain is needful. The question is political, and the state is not obliged to provide any tribunal in which interested persons may be heard on that question." 18 Am. Jur., Eminent Domain, p. 731, sec. 105.

No doubt a court would find it necessary to interfere to prevent an abuse of discretion by an attempted taking of land in utter disregard of the necessity of its use, and would not consider itself bound by a mere legislative declaration of such purpose as a means of concealing a design to take it for an illegal purpose; that is not the situation here, however.

If we understand counsel for plaintiffs correctly, they contend that it is for the court in the first instance to determine the question whether the property sought to be acquired is to be taken for a public use or purpose. We so construe their contention because of the fact that in their brief they do not discuss the question whether land taken for the installation of a sanitary sewer is taken for a public use.

We do not deem it necessary to examine the books in search of authority for the conclusion that the establishment of a sanitary sewerage system or a line from a public park for sewerage disposal is for a public use. There is, therefore, no need for us to search for the line which divides the area within which the two branches of government,—legislative and judicial,—are to function in dealing with the question of public use or purpose.

*By the Court.*—Order affirmed.