Brown, J.
 

 Supreme Court Rule 6 (5) (b), sec. 251.26, Stats., directs that the appellant shall print: “Such part . . . of the . . . judgment or order sought to be reviewed as may be material in the consideration on appeal of the questions stated.” His omission to print one of the orders and the judgment from which he appeals causes difficulty for him and for us in the consideration of his appeal but we find sufficient facts in the record to enable us to answer the questions which appellant’s brief tells us are those to be determined.
 

 The first two questions which appellant’s brief asks are:
 

 “1. Can a county highway committee under sec. 83.08 (1) Wisconsin statutes condemn a remnant against the owner’s consent ?
 

 “2. Is a statute authorizing a county highway committee to take a remnant against the owner’s consent constitutional ?”
 

 He asserts that a remnant can be acquired only by mutual consent.
 

 We regard these questions as immaterial because no “remnant” was condemned nor taken, and therefore any
 
 *164
 
 answer to either question would be
 
 obiter dictum.
 
 Appellant’s argument on this subject is based on the second sentence of sec. 83.08 (1), Stats. The first and second sentences are:
 

 “The county highway committee may acquire by gift, devise, purchase, or condemnation any lands or interests therein for the proper improvement, maintenance, relocation, or change of any county aid or other highway or street or any bridge thereon which the county is empowered to improve or aid in improving or to maintain. The county highway committee may purchase or accept donation of remnants of tracts or parcels of land remaining at the time or after it has acquired portions of such tracts or parcels by purchase or condemnation where in the judgment of such committee such action would assist in rendering just compensation to a landowner, a part of whose lands have been taken for highway purposes, and would serve to minimize the over-all cost of such taking by the public.”
 

 It is clear to us that a “remnant,” referred to in that statute, is land which was not condemned nor acquired because the condemnor did not want or need it for its purpose, such as for highway improvement, relocation, etc. Acquisition by condemnation or other method of property unneeded and unwanted could not be justified but the parcel omitted from the condemnation, the so-called remnant, might then be useless to its owner. To minimize the hardship to the owner this second sentence of the statute,
 
 supra,
 
 empowers the county highway committee to negotiate a purchase of such a remnant even though the land could not meet the test of being considered by the committee to be necessary or required for highway purposes. Presently the committee’s order of condemnation recited that the relocation of Highway M requires the acquisition of some 6.63 acres of Brausen’s land
 
 which includes the crescent of .2 acre, now in question.
 
 That area did not “remain” after the condemna
 
 *165
 
 tion of the rest of Brausen’s 6.63 acres. It was a part of it. It is not a “remnant.”
 

 Sec. 83.07 (4), Stats., authorizes the county highway committee to acquire needed lands by condemnation as provided in ch. 32, Stats. If the condemnation is by a county, sec. 32.07 (2) provides that the county shall determine the necessity.
 
 Swenson v. Milwaukee County
 
 (1954), 266 Wis. 129, 63 N. W. (2d) 103. The general rule is that the courts will not disturb the action of those to whom the legislature has delegated the power of eminent domain in the absence of fraud, bad faith, or gross abuse of discretion. Id. Appellant has not produced any evidence of fraud, bad faith, or gross abuse of discretion. There is no basis, then, for us to disturb the condemnation of 6.63 acres required for highway relocation, as described in the relocation order,
 
 including
 
 that part of the acreage which constitutes the crescent.
 

 Appellant’s argument that the crescent of land is actually not required for the highway relocation is answered by sec. 32.07 (2), Stats.,
 
 supra.
 
 Determination of the necessity was given by the legislature to the county, not to the landowner and not to the courts.
 

 Appellant submits that the crescent-shaped area is valuable to him for renting auto-parking space. That may be an item affecting his damages but does not weigh against the determination of the committee that such land is required for highway purposes.
 

 We hold on this record that the condemnation proceedings were conducted in accordance with the statutes, the land crescent was included in those proceedings, and the condemnation of it has not been impeached by fraud, bad faith, or gross abuse of discretion on the part of the committee. “Remnant,” as the statute uses the term, has no application to the facts of this case.
 

 
 *166
 
 As to the award of damages, the appellant had the determination of a jury and there is ample evidence to sustain the verdict.
 

 Appellant’s question 3 is:
 

 “Does an appeal notice signed by the deputy district attorney as attorney for the county highway committee comply with sec. 83.07 (5) of the Wisconsin statutes?”
 

 The notice of appeal by the county committee is:
 

 “To: Honorable Carl Flom
 

 “Judge, County Court
 

 “Dane County Courthouse
 

 “Madison, Wisconsin
 

 “Please Take Notice that the Dane County Plighway Committee, the condemnor in this action hereby appeals to the circuit court for Dane county in said state pursuant to sec. 83.07 Wisconsin statutes from the award of the said county court dated the 22d day of September, 1958, for the reason that the said award is excessive.
 

 “Dated this 6th day of November, 1958.
 

 “/s/ Richard L. Cates
 

 “Deputy District Attorney
 

 “Attorney for Dane County
 

 “Highway Committee.”
 

 Appellant submits that the notice is defective and thereby the circuit court did not acquire jurisdiction, as his brief states, because:
 

 “Sec. 83.07 (5), Stats., does not authorize the deputy district attorney to sign the notice of appeal to the circuit court.
 

 “Sec. 83.07 (5), Stats., provides in part as follows:
 

 “ ‘The landowner or the committee or board may, within ninety days after the award is made, file with the judge a notice of appeal to the circuit court, whereupon . . .’
 

 “The County Highway Committee consisting of five persons did not file a notice of appeal to the circuit court, but Richard R. Cates, the deputy district attorney, did file as their attorney.”
 

 
 *167
 
 The portion of sec. 83.07 (5), Stats., which appellant quotes above, does not direct that any particular person or number of persons must sign the notice of appeal. The direction is that the committee must
 
 file
 
 its notice with the county judge. This court had for consideration the question of an appeal from a condemnation award in
 
 Weyer v. Milwaukee & Lake Winnebago R. Co.
 
 (1883), 57 Wis. 329, 15 N. W. 481. The statute then in question was:
 

 “Within thirty days after the filing of the report of the commissioners in the office of the clerk of such circuit court, any party may appeal to such circuit court from any award made by the commissioners, by filing in the office of said clerk a written notice of appeal. . . .” Sec. 1849, R. S. 1878.
 

 The statute, thus, is very similar to the one which is presently involved. In the
 
 Weyer Case, supra,
 
 the court, by Mr. Justice Lyon, said (p. 331) :
 

 “4.
 
 The appeal is an action (sec. 1849,
 
 supra),
 
 and the notice of appeal may be signed by an attorney just as a summons may be so signed. Indeed, the notice performs to some extent the functions of a summons — the filing of the one being the equivalent of due service of the other. Hence, the notice of appeal from the award of the commissioners is properly signed.
 

 “We conclude that the appeal was regularly taken, and that the motion to dismiss the same was properly denied.”
 

 Appellant’s counsel points out that the decision on this point is obiter, and as the case is reported we must concede that this is so. Nevertheless, in the absence of a statutory direction that a procedural step can be taken only by a party
 
 in propria persona,
 
 Mr. Justice Lyon’s dictum strikes us as being good sense and good law and since appellant has raised the point we now remove the question from the realm of dictum and hold that the notice of appeal may be signed
 
 *168
 
 by appellant’s duly authorized attorney unless the statute expressly directs otherwise.
 

 Appellant suggests as a defect, also, that the notice of appeal was not
 
 filed
 
 by the committee but rather by Mr. Cates, the committee’s attorney. This matter of filing was not included in counsel’s written motion to dismiss the appeal to the circuit court, and no doubt any expression of our opinion on it would be dictum, such as he finds objectionable in the matter of signature. Nevertheless, we venture the opinion that filing the notice of appeal is satisfactory to sec. 83.07 (5), Stats., when the appellant’s attorney does the filing. We hold that the committee’s notice of appeal from the county judge to the circuit court complied with sec. 83.07 (5) and the motion to dismiss it was properly denied by the circuit court.
 

 Appellant’s final question is:
 

 “4. Is the owner entitled to interest at 5 per cent on the amount of the jury award from the date of the taking under summary statute, sec. 84.09 (2), until the date of the judgment where the check could not be cashed as there was a dispute over the area to be taken?”
 

 Appellant states that the trial court was not called upon to answer this question. Respondent phrases it differently— that appellant did not present the question to the trial court but, on the other hand, stipulated that, without prejudice to the right of appeal, the court enter judgment for the amount of the jury verdict minus costs. There was no reservation by appellant respecting any interest on that sum, as he now claims.
 

 As soon as the County Highway Committee had determined the damages, $5,433, it tendered that sum on February 29, 1956, by check which appellant never cashed but which he retained until February 22, 1960, the date on which judgment was entered against him.
 

 
 *169
 
 The respondent does not contend that any estoppel has arisen because of appellant’s'failure to return the check.
 

 Appellant says that because he did not cash the check the county has had both the money and his land since February 29, 1956, so that in justice he should have at least interest on the amount awarded by the verdict.
 

 Appellant refers us to sec. 84.09 (2), Stats., to support this claim. He does not refer us to any specific language of this subsection and we do not find in it that allowance of interest. On the other hand, it does say that the owner may accept the money without prejudice to his appeal for a greater award, but the amount of the county’s award shall not bear interest in the meanwhile. Appellant insists that by holding the check for nearly four years without cashing it the county has had the money all this time. We consider that the county’s money was tied up by appellant while he held the check. The county had no use of the money and should not have to pay interest upon it. It could make a claim with equal justice that appellant should pay interest on the excessive amount which he withheld.
 

 Sec. 83.07 (5), Stats., is more pertinent. After providing for the right of appeal from the county judge to the circuit court by either the landowner or the committee, the statute declares: “No interest upon the amount paid or tendered shall be recoverable or allowed in any subsequent appeal.” This disposes of appellant’s contention that the award finally made by the jury bears interest.
 

 We must answer appellant’s contentions, as expressed in his questions in issue, adversely to him, and we conclude that the orders and judgment appealed from must be affirmed.
 

 By the Cottrt.
 
 — Orders and judgment affirmed.