Harry J. WATSON, Jr., and Elaine M. Watson,
Appellants,†

v.

TOWN OF THREE LAKES, a municipality of Wisconsin,
Respondent.

Court of Appeals

*No. 79–867. Submitted on briefs November 29, 1979.—
Decided January 10, 1980.*
(Also reported in 290 N.W.2d 520.)

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *Robert M. Hesslink, Jr.* and *DeWitt, McAndrews & Sundby, S.C.,* of Madison.

For the respondent the cause was submitted on the brief of *Donald C. O'Melia* and *O'Melia Law Offices, S.C.,* attorneys, of Rhinelander, and *Benjamin Southwick* of Richland Center of counsel.

Before Donlin, P.J., Foley, J., and Dean, J.

DONLIN, P.J.  The Department of Natural Resources ordered the Town of Three Lakes to close its town dump. The Three Lakes town board decided to furnish area residents with a new sanitary landfill facility. For this purpose, it condemned the Watsons' property. The Watsons commenced this action contesting the condemnation.

The Watsons alleged that the taking was not of necessity, was arbitrary, unreasonable, and in bad faith in that the site condemned did not conform to DNR requirements and that the Town did not follow the jurisdictional offer requirements of ch. 32, Stats. Three Lakes denied improper taking and moved for summary judgment. The trial court granted Three Lakes' motion for summary judgment, finding that there was no substantial issue of fact and that Three Lakes had proceeded lawfully in condemning the Watson property.

On appeal, the Watsons contend that summary judgment was not appropriate. They argue that the town board lacks authority to create and operate a sanitary landfill, that the town board's condemnation of an access road pursuant to the provisions of sec. 32.06, Stats., was erroneous, and that the town board condemned more land than is necessary. The Watsons also argue that because discovery had not been completed, summary judgment was premature.

Summary judgment is not appropriate if there is a material issue of fact or if different inferences may be drawn from the facts.[1] If there is no genuine issue of

---

[1] *Krezinski v. Hay*, 77 Wis.2d 569, 253 N.W.2d 522 (1977).

material fact, summary judgment must be granted.[2] Our review on appeal from a grant of summary judgment is to independently make this determination.[3] The pleadings set forth issues of fact; thus, we proceed to examine the documents submitted in support of the motion for summary judgment and the issues raised by the Watsons.

## AUTHORITY

The Watsons contend that the town board has no authority to create and operate a sanitary landfill. In support of its motion for summary judgment, the town board submitted the affidavit of the town clerk, who avers that village powers were conferred on the town board by resolution at an adjourned annual town meeting on May 4, 1967. He further avers that the resolution has not been modified, changed, or amended and remains in full force and effect. The circuit court correctly determined that this resolution conferred village powers on the town board.

The Watsons argue that because there was no vote recorded, the resolution was therefore not adopted. They also argue that even if this resolution was adopted, it did not confer upon the town board the authority to operate a sanitary landfill as this conflicts with the statutory provisions regarding a town sanitary district.[4]

The affidavit of the town clerk, averring that the resolution was in full force and effect, is sufficient to trigger the presumption that the resolution was properly adopted.[5] The resolution documents submitted by the

---

[2] Section 802.08 (2), Stats.

[3] *Wright v. Hasley,* 86 Wis.2d 572, 273 N.W.2d 319 (1979).

[4] Section 60.30 to 60.31 (b), Stats.

[5] *City of Lake Geneva v. Smuda,* 75 Wis.2d 532, 249 N.W.2d 783 (1977); *McKinnon v. Benedict,* 38 Wis.2d 607, 157 N.W.2d 665 (1968).

town clerk, together with his affidavit, establish the regularity of the adoption and publication of the resolution. The clerk points out in his affidavit that the resolution was adopted at an adjourned town meeting, which is permissible.[6] The town board, therefore, did properly have village powers.

A village is empowered to acquire property for waste disposal.[7] This right can be exercised by condemnation.[8] Further, the collection and disposal of waste products is within the municipal police power.[9] Accordingly, under its village powers, the town has authority to direct the manner of removal and disposition of garbage, trash and other waste products. This power may be exercised unless it is in conflict with other statutes regarding town actions.

The Watsons contend that the legislature has determined that towns must create sanitary districts to operate sanitary landfills. They argue that the provisions of sec. 60.30, *et seq.*, Stats., are mandatory. The statutes cited by the Watsons provide that a town board has jurisdiction to create sanitary districts and provide a manner for their creation.[10] They further provide that the districts may be created for the purpose of garbage or refuse disposal. The use of the word "may" confers discretion upon the town board;[11] it does not require towns to create sanitary districts. There is no conflict between the village powers conferred upon the town board and the provisions of the statutes providing for sanitary districts.

[6] Section 60.09, Stats.

[7] Section 61.34(3), Stats.

[8] Section 61.34(3m), Stats.

[9] 7 McQuillin, Municipal Corporations §24.242 (3d ed. 1968).

[10] Section 60.301, *et seq.*, Stats.

[11] *State v. Christopherson,* 36 Wis.2d 574, 153 N.W.2d 631 (1967).

## ACCESS

The Watsons also argue that the town board improperly used the procedures of ch. 32 to condemn land for a town road. They contend that the only procedure for condemning land for a town road is provided in ch. 80. They argue that the town board must proceed under the provisions of ch. 80 to properly acquire an access road to the sanitary landfill.

Pursuant to village powers, the town board is empowered to condemn for rights of access under ch. 32.[12] The town board proceeded under ch. 32 to condemn the Watsons' land for a sanitary landfill and access to it. Use of this access is restricted by DNR regulations.[13] Entrance to the access is to be gated, and the access may be open only when an attendant is on duty at the sanitary landfill. At all other times the entrance gate to the operation must be locked. A town road, being a highway, is a public way and thoroughfare.[14] The challenged access is not a thoroughfare; it leads from a public roadway to the sanitary landfill and is required to be closed when no attendant is on duty at the landfill. This does not constitute a town road. The town board properly included land for the access in the sanitary landfill condemnation proceeding.

## CONDEMNED AREA

The Watsons argue that the town exceeded its authority in condemning fourteen acres for use as a sanitary landfill. They argue that the DNR had authorized the town to operate a single-cell facility consisting of five acres. The Watsons also argue that other lands are more appro-

---

[12] Section 61.34 (3m), Stats.

[13] Wis. Adm. Code, sec. NR 151.12 (6) (o).

[14] Section 990.01 (12), Stats.

priate for the sanitary landfill than those the town condemned.

The town is given the authority to determine the necessity of the condemnation.[15] Our scope of review is very narrow. A court will not disturb a determination of necessity in the absence of fraud, bad faith, or gross abuse of discretion.[16] The determination of necessity will be upheld if there is any reasonable ground to support it.[17] Where the condemnor is empowered to determine necessity, its choice of location cannot be challenged on the ground that another location may be more convenient or less expensive.[18] A reviewing court may find an abuse of discretion where there is utter disregard for the necessity of use of the land or if the land is taken for an illegal purpose.[19]

The exercise of the right of condemnation is in the wisdom of the legislature or those to whom the legislature has delegated such authority.[20] The determination of necessity is inherently a matter for the legislature.[21] The extent of the taking is a legislative question of general policy.[22] Here, the exercise of this legislative function has been delegated to the local government.

The town board found that taking fourteen acres was appropriate because the initial five-acre cell would serve the needs of the town for only ten years. It was deter-

---

[15] Section 32.07(2), Stats.

[16] *Falkner v. Northern States Power Co.*, 75 Wis.2d 116, 248 N.W.2d 885 (1977).

[17] *Id.*

[18] *Klump v. Cybulski*, 274 Wis. 604, 81 N.W.2d 42 (1957).

[19] *Swenson v. Milwaukee County*, 266 Wis. 129, 63 N.W.2d 103 (1954).

[20] *Id.*

[21] *Falkner, supra* note 16

[22] *Falkner, supra* note 16.

mined that maintaining the sanitary landfill at a single location and taking land for two cells was reasonable and appropriate at this time. We cannot find that the town board abused its discretion in determining the necessity of taking land sufficient for two cells. This was within their legislative prerogative.

The town board is required to create a buffer zone to separate and screen the sanitary landfill from surrounding lands.[23] The town board determined that it was necessary to have a buffer zone totaling four acres to give sufficient area to screen the landfill from the surrounding lands. It is not disputed that sanitary landfills are not attractive. We cannot say that the board abused its discretion in finding that four acres was necessary as a buffer zone.

The Watsons made no showing that the board acted in bad faith or fraudulently in condemning their land. As the town board did not abuse its discretion in condemning the total acreage sought, there is nothing further for this court to consider. The town board properly exercised its authority in making this condemnation.

■

The town board having exercised its lawful authority, and there being no disputed issues of fact, summary judgment was appropriately granted.

*By the Court.*—Judgment affirmed.

---

[23] Wis. Adm. Code, sec. NR 151.12(6)(R).