Lawrence F. KAUER and Carol E. Kauer,
Plaintiffs-Appellants,†

v.

WISCONSIN DEPARTMENT OF TRANSPORTATION,
Defendant-Respondent.

Court of Appeals

*No. 2009AP1615. Submitted on briefs August 11, 2010.
—Decided September 8, 2010.*

2010 WI App 139

(Also reported in 793 N.W.2d 99.)

† Petition for review denied 2/7/11.

Before Brown, C.J., Neubauer, P.J., and Anderson, J.

¶ 1. BROWN, C.J. Lawrence and Carol Kauer are trying to fight the condemnation of a portion of their land for a road by claiming that the proposed road is unsafe. Specifically, they contend that the DOT's condemnation of their property is a gross abuse of discretion because it is based—according to their expert—on unsafe plans. The DOT, meanwhile, asserts that the road was designed with safety in mind by its team of engineers. The case comes to us as an appeal of summary judgment in favor of the DOT.[1] Because we do not believe that a landowner challenge to condemnation is

---

[1] Initially, the DOT moved to dismiss for failure to state a claim upon which relief may be granted, and the trial court's final "order" states that it is granting the DOT's motion and dismissing the complaint with prejudice. However, since parties on both sides submitted briefs with attached affidavits, and since the trial court reviewed that information and referenced it in its decision, and even referred to the proceeding as a summary judgment proceeding, we are treating the order as a

the place to debate the relative safety of alternative road designs, we affirm. We also find in favor of the DOT on an alleged jurisdictional issue.

¶ 2.   The relevant facts of this case are not in dispute. The DOT plans to construct a roundabout with a curved entrance that encroaches on part of the Kauers' property. The affected portion of the land has been condemned for the purpose of building the road. In an effort to prevent the condemnation of their land, the Kauers brought suit under Wis. Stat. § 32.05(5),[2] which allows owners to contest the right of the condemnor to condemn property "for any reason other than that the amount of compensation offered is inadequate."

¶ 3.   Specifically, the Kauers challenge the necessity of the condemnation of their land. Although Wis. Stat. § 32.05(5) allows owners to bring a wide range of cases, case law has made it clear that the necessity of a condemnation will be upheld absent a showing of fraud, bad faith, or a gross abuse of discretion. *See Falkner v. Northern States Power Co.*, 75 Wis. 2d 116, 132, 248 N.W.2d 885 (1977). Wisconsin courts have further clarified that a reviewing court may find a gross abuse of discretion where there is "utter disregard for the necessity of use of the land" or where "the land is taken for an illegal purpose." *Watson v. Town of Three Lakes*, 95 Wis. 2d 349, 355, 290 N.W.2d 520 (Ct. App. 1980) (citing *Swenson v. Milwaukee Cty.*, 266 Wis. 129, 133, 63 N.W.2d 103 (1954)).

---

grant of summary judgment. *See* Wis. Stat. § 802.06(3); *Converting/Biophile Labs., Inc. v. Ludlow Composites Corp.*, 2006 WI App 187, ¶ 2, 296 Wis. 2d 273, 722 N.W.2d 633 ("When, on a motion to dismiss, parties present matters outside the pleadings, the motion should be processed as one for summary judgment.").

[2] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

¶ 4. Based on the standard outlined in case law, the Kauers contend that the DOT's use of an allegedly unsafe road design constitutes utter disregard for the necessity of use of their land and is therefore a gross abuse of discretion. In support of their claim, the Kauers retained an expert who stated that a curved approach to a roundabout is inappropriate and unsafe for, among other things, slippery road conditions, which the Kauers point out are common during Wisconsin winters.

¶ 5. In response to the Kauers' claim, the DOT submitted affidavits of a professional engineer who works for the DOT. She stated that the road design was consistent with the DOT's Facilities Development Manual, which reflects "sound engineering practice." The DOT moved for dismissal and the trial court granted the DOT's motion. The Kauers appeal. On appeal, the DOT asserts, in essence, that the Kauers do not have standing to debate safety with the DOT in the context of a condemnation procedure.[3]

■■
¶ 6. The standard of review of successful summary judgment motions is well known. Summary judgments are reviewed de novo, applying the same methodology as the circuit court. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). Summary judgment is appropriate in cases where the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (citing WIS. STAT. § 802.08(2)).

---

[3] In their initial briefs, the parties did not directly address the issue of standing to debate safety in WIS. STAT. § 32.05(5) proceedings. Pursuant to an order dated April 6, 2010, both parties provided supplemental briefs on the issue.

¶ 7. Our review of the record did reveal one factual dispute: whether the road design chosen by the DOT was "safe." However, the existence of a factual dispute does not defeat summary judgment unless the facts disputed are material. *See id.* We do not believe that the facts underlying this dispute are material because the Kauers' expert cannot, as a matter of law, prevail in a debate over safety. Therefore, we agree with the trial court that the DOT is entitled to summary judgment.

¶ 8. We acknowledge that we could find no Wisconsin case law directly addressing the ability to raise safety as an issue in WIS. STAT. § 32.05(5) proceedings. Because of that, we base our decision on a long line of Wisconsin cases firmly establishing the discretion of the legislature and its delegates[4] in condemnation actions. *See, e.g., Town of Ashwaubenon v. State Highway Comm'n,* 17 Wis. 2d 120, 130–31, 115 N.W.2d 498 (1962) ("The considerations which have prompted the judiciary to desist from all unnecessary intrusions on determinations of the legislature apply with equal force to the decision of the highway commission."); *Falkner,* 75 Wis. 2d at 131 ("The question whether it is necessary to take particular property for public use has been held to be inherently a matter for the legislature."); *Watson,* 95 Wis. 2d at 355 ("The determination of necessity is inherently a matter for the legislature."); *TFJ Nominee Trust v. DOT,* 2001 WI App 116, ¶ 10, 244 Wis. 2d 242, 629 N.W.2d 57 ("the power of eminent domain under WIS. STAT. ch. 32 is extraordinary").

---

[4] No one disputes that the DOT in this case is acting as the legislature's delegate. *See* WIS. STAT. § 84.09(2).

¶ 9.   In addition to the general deference afforded to the legislature and its delegated agencies in condemnation actions, Wisconsin courts have explicitly held that "[t]he determination of necessity will be upheld if there is *any reasonable ground* to support it." *Watson*, 95 Wis. 2d at 355 (citing *Falkner*, 75 Wis. 2d 116) (emphasis added). Furthermore, the location of a taking "cannot be challenged on the ground that another location may be more convenient or less expensive." *Watson*, 95 Wis. 2d at 355.

¶ 10.   The immense discretion given to the legislature in eminent domain cases reflects an understanding that neither judges nor juries are in the best position to decide issues such as the most appropriate design for a road. *See Ashwaubenon*, 17 Wis. 2d at 131 (explaining that decisions such as locating or relocating a highway "are not for the courts"). Here, if allowed, a trial would amount to a battle of the experts as to the safety of competing road designs. To allow this kind of debate would be akin to allowing the debates over location and cost that are forbidden by *Watson*. The Kauers are asking us to allow them a trial in which they can second guess the DOT's decision as to the best design for a road, and that is something we may not and will not do.

¶ 11.   We do not hold that safety can *never* be an issue in a Wis. Stat. § 32.05(5) proceeding. We find it important that in this case, the DOT claimed that its design was created with safety in mind and supported its claim with an expert's affidavit. We can imagine scenarios where safety *could* be relevant to the issue of necessity. For example, if the DOT's road design was obviously unsafe,[5] that might be evidence that there

---

[5] The example of an obviously unsafe road design that we came up with was a road that leads to the edge of a cliff for no apparent reason.

was utter disregard for the necessity of the use of land. In such a case, however, the problem would be that the DOT had committed a gross abuse of discretion. Here, a DOT engineer has stated that a team of experts designed the road within the requirements of its operating manual and "sound engineering practice." That shows a "reasonable ground" to support the proposed road, which is all that the law requires. *See Watson*, 95 Wis. 2d at 355.

¶ 12. We also note that there are other means by which landowners, or indeed, *any* citizen may be able to challenge the safety of the DOT's road design. In its brief, the DOT suggests two ways this could be done: through a contested hearing on the safety or human health aspects of a proposed government action, *see* WIS. STAT. § 227.42, or by establishing standing to challenge the government action judicially under WIS. STAT. § 227.52. According to case law, judicial review under § 227.52 includes "health and safety interests" that are caused by a change in the physical environment. *Milwaukee Brewers Baseball Club v. Dep't of Health & Soc. Servs.*, 130 Wis. 2d 56, 65, 387 N.W.2d 245 (1986). We do not express an opinion as to whether the Kauers' claim would have met the criteria for either type of action; we merely highlight that there are appropriate forums for debating the safety of a DOT-approved road design, but a condemnation action is *not* one of them.

■

¶ 13. As mentioned in ¶ 1, *supra,* there is one remaining issue in this case: the Kauers' claim that there is a jurisdictional defect in the condemnation action because they were not given certain information about their rights, in contravention of WIS. STAT. § 32.05(2a). Their complaint alleges that they were not

"properly provide[d]" a pamphlet entitled "The Rights of Landowners under Wisconsin Eminent Domain Law," and were "confused" because of it. Interestingly, they also admit that they *did* receive half of it. The DOT argues that even if the Kauers had not received any of the pamphlet, there would be no jurisdictional defect. We do not deem this claim worthy of much discussion, primarily because the Kauers were so clearly not prejudiced by it—they admit that they received half of it, and they retained counsel without requesting the other half.

¶ 14. This court has noted that all procedural steps which have been found to be jurisdictional defects in condemnation proceedings have two features in common. *See City of Racine v. Bassinger*, 163 Wis. 2d 1029, 1036–37, 473 N.W.2d 526 (Ct. App. 1991). First, they are all contained within the statutes that put forth condemnation proceedings, WIS. STAT. §§ 32.04–32.185, and second, the statute expressly or impliedly denies power to the condemnor to act where the procedural step is not taken. *See id.* The Kauers argue that the failure to provide the pamphlet in this case fits the *Bassinger* characteristics.

¶ 15. It is true that the pamphlets were required by WIS. STAT. § 32.05(2a), which states,"[b]efore attempting to negotiate . . . the condemnor *shall* provide the owner or his or her representative with copies of the applicable pamphlets." (Emphasis added.) The Kauers argue that the word "shall" in the statute satisfies the second *Bassinger* characteristic—that the statute expressly or impliedly deny power to the condemnor to act if the step is not met. We disagree.

¶ 16. Our supreme court addressed a similar statutory requirement in *Herro v. Natural Resources Board*, 53 Wis. 2d 157, 176–77, 192 N.W.2d 104 (1971). In that case, the court held that a similar use of the

721

word "shall" in § 32.08(6)(b) (1969)[6] was merely directory because the statute did not include consequences for failure to comply. The *Herro* court stated:

> The statute here under consideration makes no provisions for any consequences resulting from failure to timely make and file the award. Furthermore, in this case, we are unable to see how the appellant was in any way prejudiced by the late filing of the award. While the late filing of an award by a condemnation commission is not to be condoned, it does not necessarily operate to deprive the condemnation commission of jurisdiction.

*Id.* at 177.

¶ 17. The *Herro* holding makes it clear that the word "shall," without more, does not necessarily deny the condemnor the right to act.[7] WISCONSIN STAT. § 32.05(2a), like the statute in *Herro*, does not provide for any consequences if its requirements are not met. Here, as in *Herro*, the Kauers were not prejudiced.

¶ 18. When the legislature deems a procedural step to be a jurisdictional prerequisite, it will say so. For example, WIS. STAT. § 32.05(4) explicitly states that notice of the jurisdictional offer "is a jurisdictional requisite to a taking by condemnation." There is no similar statement by the legislature with regard to

---

[6] The relevant part of WIS. STAT. § 32.08(6)(b) (1969) reads, "Within 10 days after the conclusion of such hearing the commission *shall* make a written award specifying therein the property taken and the compensation." (Emphasis added.)

[7] The court in *Herro v. Natural Resources Board*, 53 Wis. 2d 157, 176–77, 192 N.W.2d 104 (1971), noted that WIS. STAT. § 32.08(6)(b) (1969) was a time limit requirement. Even though § 32.05(2a) involves a different type of requirement, we find that the same logic applies: the use of the word "shall" in a condemnation procedure statute is not dispositive, as the Kauers assert.

§ 32.05(2a). We think this is telling. We are confident that, even if the Kauers only received half the pamphlet, as they claim, there was no jurisdictional defect. We uphold the trial court's grant of summary judgment.

*By the Court.*—Judgment affirmed.